STATE, EX REL. EDWARD FALCONER, V. MARSHALL EBERSTEIN ET AL.

FILED MARCH 25, 1921. No. 21277.

1. **Criminal Law:** EXTRADITION. Where a person is charged in two states with the commission of a separate offense in each, and has been arrested in one of them, such state has exclusive jurisdiction of the alleged offender until the demands of its laws are satisfied. Nevertheless the governor of such state may honor the requisition of the governor of a demanding state and such surrender of the prisoner will operate as a waiver of the jurisdiction of the asylum state.

2. **Habeas Corpus:** FUGITIVE FROM JUSTICE: CONFLICT OF EVIDENCE. When in an interstate extradition proceeding the evidence con-

105 Neb.—53

State, ex rel. Falconer, v. Eberstein.

flicts on the question of the prisoner's presence in or absence from the demanding state at the time of the commission of the alleged offense, such conflict in the evidence will not require the discharge of the prisoner in habeas corpus.

3. ———: ———: SUFFICIENCY OF INDICTMENT. The technical sufficiency of the indictment of a demanding state, which charges the elements of a crime under the laws of such state, is not a proper subject of inquiry in habeas corpus, where interstate extradition proceedings are involved. That is a question for the decision of the courts of the demanding state.

4. ———: EXTRADITION: COMPLAINT: EVIDENCE. "In habeas corpus to release a prisoner detained under a warrant of extradition, the fact that a complaint was filed against him in the demanding state is *prima facie* evidence that he was there charged with a crime." *Chandler v. Sipes*, 103 Neb. 111.

5. Extradition: REVOCATION OF WARRANT. The power to revoke his warrant, issued by the governor for the surrender of an alleged fugitive from justice, may be exercised by him at any time before the prisoner is taken from the state.

ERROR to the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Jamieson & O'Sullivan*, for plaintiff in error.

*Abel V. Shotwell, W. W. Slabaugh* and *R. T. Coffey*, contra.

DEAN, J.

Edward Falconer, the relator, filed an application for a writ of habeas corpus in the district court for Douglas county, alleging unlawful restraint of liberty under a warrant issued by the governor of this state, pursuant to a requisition issued by the governor of Iowa. The writ was denied and the relator prosecutes error.

It seems that, a few days before this proceeding was commenced, relator was arrested in Omaha on the oral request of respondent, who is the sheriff of Pottawattamie county, Iowa, and was confined in the Omaha jail. Subsequently he was admitted to bail in the sum of $500. The governor of Nebraska, after an *ex parte* hearing, honored the request for extradition, and relator was remanded to

the Omaha jail, preparatory to being taken to Iowa. To obtain his liberty the relator applied for a writ of habeas corpus.

The offense for which extradition is sought is based on substantially these alleged facts: Relator was indicted by a grand jury in Pottawattamie county, Iowa, and charged by that body with having entered into an unlawful and felonious conspiracy, with four other persons, and that the alleged conspirators "did then and there, jointly and separately, take upon themselves to exercise and officiate in the offices of peace officers," falsely, etc., and that, while acting as pretended law officers, they unlawfully searched the farm premises of William Rodenburg, with the ostensible purpose of discovering whether intoxicating liquors were concealed thereon. Subsequently, it is alleged, relator came to Nebraska, was pursued and arrested, and the proceedings complained of followed.

Relator first argues that, when requisition was demanded and when it was honored, he was then under bail to answer a charge of grand larceny laid against him by the prosecutor of Douglas county, Nebraska. He contends that under the facts, and the terms of his bail bond, and the law, he cannot be lawfully extradited. He cites section 8990, Rev. St. 1913, which provides: "Whenever a demand is made upon the governor of this state by the executive of any other state or territory, in any case authorized by the Constitution and Laws of the United States, for the delivery of any person charged in such state or territory with any crime, if such person is not held in custody or under bail to answer for any offense against the laws of the United States or of this state, he shall issue his warrant, under the seal of the state, authorizing the agent who makes the demand, either forthwith or at such time as may be designated in the warrant, to take and transport such person to the line of this state, at the expense of such agent, and may also by such warrant require all peace officers to afford needful assistance in the execution thereof."

Relator contends that he comes within the purview of section 8990, and is immune, in that he is "under bail" to answer for the commission of an alleged offense against the laws of this state. The weight of authority does not sustain his argument. It has been held that the governor of the asylum state may waive the right of such state, even after conviction, to punish the prisoner for a crime for which he was convicted, and may honor a requisition issued by a demanding state. *People v. Hagan,* 34 Misc. Rep. (N. Y.) 85. In 11 R. C. L. 725, sec. 16, it is said: "But an accused fugitive cannot avail himself of the fact that he has been convicted of a crime in the asylum state and is out on bail pending his appeal, since that is a matter which the asylum state only can take advantage of."

Where a person is charged in two states with the commission of a separate offense in each, and has been arrested in one of them, such state has exclusive jurisdiction of the offender until the demands of its laws are satisfied. Nevertheless the governor of such state may honor the requisition of the governor of a demanding state and such surrender of the prisoner will operate as a waiver of the jurisdiction of the asylum state. *In re Hess,* 5 Kan. App. 763.

Relator contends that he was not in Iowa when the offense, there charged against him, was alleged to have been committed. On this point the evidence conflicts. However, we conclude that the evidence supports the view that he was a fugitive from the justice of the demanding state. In that state of the record, and in view of the facts, relator cannot lawfully be discharged on habeas corpus. In *Munsey v. Clough,* 196 U. S. 364, 375, it is said: "But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused."

Relator argues that the conspiring and confederating together of two or more persons, to falsely represent themselves to be peace officers and to do the things charged against relator, and the persons associated with him, is not an act that is injurious to public morals, nor is it injurious to the police or to the administration of public justice. We do not agree with counsel. Section 4902, Iowa Code, 1897, provides that, if any person undertakes to officiate in any office or place of authority without being legally authorized thereunto, he shall suffer imprisonment of not more than one year in the county jail or shall be fined not exceeding $1,000, or both. Section 5059, Iowa Code, 1897, provides that, if two or more persons conspire or confederate together to do any illegal act injurious to public trade, health, morals, or police, or to the administration of public justice, or to commit any felony, they are guilty of conspiracy and may be imprisoned in the penitentiary not more than three years.

It seems that a mere statement of relator's argument is its own refutation. The administration of public justice would soon be destroyed in a community or in a state that would tolerate the assumption of the prerogative of peace officers by persons without authority. Such is the confidence that is reposed generally in the rectitude of those occupying official position that the assumption of pretended official power, in any department of the public service, would afford opportunity to the morally depraved for the commission of the most atrocious crimes.

Relator argues that the indictment under which he was arrested does not state a crime against the laws of Iowa. The technical sufficiency of the indictment of a sister state, which charges the elements of a crime under the laws of such state, and the question of the procedure thereunder, are not proper subjects of inquiry in habeas corpus, where interstate extradition proceedings are involved. That is a question for the decision of the courts of the demanding state. *Munsey v. Clough*, 196 U. S. 364. In *Chandler v. Sipes*, 103 Neb. 111, the *Munsey* case is cited and followed.

Relator complains because the extradition proceedings were *ex parte,* and argues that, if the governor's attention had been drawn to section 8990, Rev. St. 1913, he, in view of the statute and of the facts, would have refused to issue his warrant. It seems that in cases involving interstate extradition governors exercise their discretion, and if it appears that extradition is sought for the purpose of collecting a private debt, or if it is sought for some improper purpose, he may, in the exercise of his discretion, refuse his warrant. It follows that, if it is within the discretion of that official whether the warrant shall issue, it is likewise in his discretion whether after issuance he will revoke it. And, acting in his official capacity, and representing as he does the sovereignty of the state, in either case his reasons cannot be inquired into. It is common knowledge that a governor's warrant, issued pursuant to a requisition, is almost always *ex parte,* so that of course he may at times be imposed upon. It is therefore perfectly proper that the power of revocation should remain in the hands of the governor to be exercised by him at any time before the alleged fugitive is taken from the state. *State v. Toole,* 69 Minn. 104; *Work v. Corrington,* 34 Ohio St. 64; Spear, Extradition (2d ed.) 440. It does not appear that relator applied to the chief executive of the state for a revocation of the warrant, nor that he offered to make any showing that would tend to cause a revocation by that official.

The court did not err in denying the writ. The judgment is

AFFIRMED.

LETTON, J., not sitting.