**BELL, HABEAS CORPUS PROCEEDINGS, IN RE.**

Court of Common Pleas, Summit County.

No. 160445.  Decided September 27th, 1947.

Guy Hammond, Akron, for petitioner.
Alva Russell, Prosecuting Attorney, Akron, for State.

## OPINION

By EMMONS, J.

This cause came on to be heard upon a petition for a writ of habeas corpus, and the Agreed Statement of Facts is as follows:

"1. On October 9th, 1946, said Forest Edward Bell was indicted in Summit County, Ohio, by the grand jury of said Summit County for nonsupport of his minor children.

"2. On the same date as aforesaid a capias was issued to the Sheriff of said Summit County.

"3. On October 29, 1946, said Bell was returned to Ohio from Arizona, having waived extradition proceedings, and was held in jail in Summit County to await trial on said indictment for nonsupport.

"4. On November 6th, 1946, defendant Bell was released on bond fixed by Common Pleas Court of Summit County, to await trial on his said indictment.

"5. On said November 6th said Bell was arrested on a warrant issuing out of the Municipal Court of Akron, and was immediately released on bond. This warrant had been sworn out by a Deputy Sheriff of Summit County at instance of Oregon.

"6. On January 6, 1947, defendant appeared in said Common Pleas Court of Summit County, changed his former plea of 'not guilty' to said indictment charging nonsupport and entered a plea of guilty thereto.

"7. On the same last-mentioned date, and while the warrant of arrest issued by the Municipal Court at the request of Oregon was yet undisposed of, upon said plea of guilty to said indictment for nonsupport, the said Judge Emmons of said Common Pleas signed and approved a journal entry, and the same was entered in said cause in part as follows:

" 'Thereupon, it appearing to the satisfaction of the Court that the character of the defendant and the circumstances of the case are such that it is not likely that he will again engage in an offensive course of conduct, and that the public good does not demand nor require that he immediately be sentenced, it is ordered that imposition of sentence be, and the same hereby is suspended, and the defendant placed on probation for a period of five (5) years, upon the following terms and conditions, to-wit:

" 'That said defendant pay the costs of this prosecution within thirty (30) days; that he report to the Probation Department once every three (3) months; that he stay within the jurisdiction of this court at all times; that he refrain from offensive conduct of every nature and obey generally the laws of the State of Ohio and the ordinances of the municipality within which he resides.

"EMMONS, J.

" 'Approved January 6, 1947. Gilbert A. Harts, Asst. Prosecuting Attorney.' "

"8. On January 27, 1947, upon the requisition of the Governor of Oregon, the Governor of Ohio issued his warrant for the extradiction of Mr. Bell, by the force and operation whereof he is now holden and detained of his liberty pending the judgment of this court upon his application for a Writ of Habeas Corpus."

Under the statutes which regulate extradition proceedings neither the governor nor the examining judge passes upon the

ultimate guilt of the accused but, among other things, he passes upon the question as to whether or not an offense is charged under the laws of the state demanding extradition; whether or not the identity of the party charged is established; whether or not the party charged is a fugitive from justice and that the extradition of the accused is not for the purpose of enforcing any civil liability against him. However, in this instance the petitioner is on a five year probation period ordered by this Court upon his plea of guilty to an indictment of nonsupport of minor children.

In Carpenter v Lord, 88 Oregon page 128, the Court held that section 1874 L. O. L., which provided:

" 'When the person demanded is in custody in this state, either upon a criminal charge, an indictment for a crime, or a judgment upon a conviction thereof, he cannot be delivered up until he is legally discharged from custody' was mandatory and completely removed any discretion which the executive might otherwise exercise in such a case, and applied in cases where the person demanded had been convicted and was on parole, for the reason that a convicted person on parole under a judgment is in custody within the meaning of said section."

Some time after the Carpenter case the Oregon legislature amended this section and it became section 13-2605 Oregon Code 1930:

"When the person demanded is in custody in this state, either upon a criminal charge, an indictment for a crime, or a judgment upon a conviction thereof, he cannot be delivered up until he is legally discharged from such custody; but if he be in custody upon civil process only, the governor may deliver him up or not before the termination of such custody as he may deem most conducive to the public good; provided, that the provisions of this section shall not apply to any person who is on parole either from the bench or by the governor paroling such person from custody."

In 1935 there was passed section 13-2638, Oregon Code 1935, relating to the extradiction of persons charged with crime and to make uniform the law with reference thereto, repealing

all acts, or parts of acts, inconsistent therewith, and declaring an emergency.

"If a criminal prosecution has been instituted against such person under the laws of this state is still pending, the governor, at his discretion, either may surrender him on the demand of the executive authority of another state or may hold him until he has been tried and discharged, or convicted and punished in this state."

This section, supra, is in conformity with §109-19 GC, and is a part of the uniform criminal extradition act.

The power of the governor in extradition proceedings is statutory, and since it pertains to crimes these statutes must be strictly construed.

In Taylor v Tainter, 16 Wall. (U. S.) 360, it was held:

"Where a state court and a court of the United States may each take jurisdiction, the tribunal which first gets it holds it to the exclusion of the other until its duty is fully performed and the jurisdiction is exhausted." See 83 Wall. (Conn.) 370.

In 201 Massachusetts 609, the court held that the governor has no authority to interfere with the execution of a sentence in a criminal case other than by pardoning the offender.

There is no evidence that there was ever a pardon issued by the governor of Ohio to the petitioner, and even though there were, there was no evidence of an acceptance of this pardon.

As discussed in the petitioner's brief, the executive branch of government has no right to transgress on the judicial and thereby set the judgment or the sentence of the accused aside except by executive pardon, for if that were the power given the governor then his office would be comparable to the appellate division of the judiciary in so far as criminal matters are concerned.

In 201 Massachusetts 609 the court continued:

"The governor's disability to interfere lies deeper than in the absence of an empowering statute. The powers of the government of Massachusetts are divided among three departments—the legislative, the executive and the judicial—no one of which shall ever exercise the powers of either of the others.

"It is within the powers of the judicial department to try persons charged with crime and to impose punishment if they are found guilty. Except by a pardon of the convict, neither of these departments can nullify or set aside a decision of the judicial department which is under process of execution under a proper warrant from the court.

"A warrant from the governor such as is supposed, unless it derives some peculiar power from the Constitution of the United States, would be of no effect against the warrant of the court under which the prisoner is held in execution of its judgment.

"The governor's power is subordinate to the power of his own state, through its proper officers, to hold its prisoners, convicted of crime, until their expiation, under its laws, has been complete."

The general rule is adequately stated in 22 American Jurisprudence page 256, section 19:

"In general under the constitution of the United States and the laws of Congress enacted thereunder, it is the imperative duty of the governor of the asylum state to deliver up a fugitive from justice upon receiving a requisition and papers in proper form from the executive of the demanding state; and, while the obvious purpose of such provision is to prevent an offender against the justice of one state from gaining an asylum and immunity from punishment by fleeing to another state, **this does not create a preference in the enforcement of the demanding state. Accordingly, it is well settled that an asylum state has the right to punish an accused fugitive for crimes committed within its jurisdiction before it becomes obligated to honor a requisition for extradition by a sister state.**" (Emphasis ours.)

In the instant case the prosecuting witness (the petitioner's wife) furnished the money to defray the petitioner's expenses from Arizona to answer the charge of nonsupport of minor. children. He waived extradition and came here to answer this charge. Upon his plea of guilty this Court suspended the imposition of sentence and placed him on probation for five years on condition that he comply with the laws of the State of Ohio (to support his minor children) and remain within the jurisdiction of the court. If the governor of Ohio could return him to the demanding state before this period of probation had expired he would be causing the peti-

tioner to violate the terms of his probation by leaving the jurisdiction of the court before the expiration of five years, and also depriving the petitioner's wife and children of security, to which they are entitled and for which the petitioner's wife paid by defraying the petitioner's expenses from Arizona to answer the charge of nonsupport.

Once he were extradited to Oregon, the petitioner's wife could, under the same version as pronounced by the authorities in Oregon, cause him again to be brought back to Ohio through extradition to answer another charge of nonsupport of minor children, thus this extradition proceedings would be accomplishing a vain thing.

This Court is not assuming an arbitrary attitude in this matter for I realize that comity should be practiced between the several states and their laws recognized, however, the petitioner is now supporting his children and complying with the terms of his probation, which fact is conducive to the welfare of these children and to the sovereignty of the State of Ohio generally.

The Prosecutor of Summit County in his brief brought out that the support of Bell's children was not ordered in the journal entry of his conditions of probation. The record reveals that such an order was made, but the Prosecutor did not journalize it. But this part of the order is surplusage since the Court, by a journal entry, did order the defendant Bell to conform to the laws of Ohio generally.

Sec. 13008 GC provides in part:

"Whoever, being the father * * * of a child under sixteen years of age living in this state, fails, neglects or refuses to provide such child * * * with the necessary or proper home, care, food and clothing, shall be imprisoned in a jail or workhouse at hard labor for not less than six months nor more than one year, or in the penitentiary not less than one nor more than three years."

Sec. 109-19 GC provides that:

"If a criminal prosecution has been instituted against such person under the laws of this state **and is still pending,** the governor, in his discretion, either may surrender him on demand, of the executive authority of another state or hold him until he has been tried, convicted and punished in this state."

By reading the pertinent parts of this section and construing them together the Court finds the legislative intention to be that "while still pending" means before the accused has been tried, convicted and punished.

This Court acquired jurisdiction in this matter in that Bell came before this Court, pled guilty and was punished by being placed on probation for five years on certain conditions. It might be argued that by placing the defendant on probation does not conclude the case against him, however, the Court must presume that the defendant will not violate the law again or the conditions of his probation, and therefore there is nothing pending before this Court, nor was there anything pending at the time the extradition of Bell was finally ordered by the Governor of Ohio since the matter over which the Court had jurisdiction was disposed of.

The Governor of Ohio cannot transgress the jurisdiction of the judiciary without specific statutory authority, which in this instance he does not have, so that he cannot compel the extradition of Bell to the demanding state until such a time as Bell's period of probation has expired.

The Court finds that the writ of habeas corpus should be allowed and that the petitioner, Bell, be released from custody under the warrant for extradition.