**Charles H. BREWSTER, Petitioner,**

v.

**Hon. Joseph J. BRADLEY, Judge Fayette Circuit Court, Respondent.**

Court of Appeals of Kentucky.

May 22, 1964.

Harold F. Dees, Lexington, for appellant.

Joseph J. Bradley, Lexington, for appellee.

MILLIKEN, Chief Justice.

The petitioner, Charles H. Brewster, held in the Lexington jail for extradition to Michigan, filed a habeas corpus action in the court presided over by the respondent, the Hon. Joseph J. Bradley, in which he sought to test or defeat the extradition order of the Governor. The respondent made no final ruling, but indicated that he would deny the petitioner the relief he sought. The petitioner then filed this original action in this Court seeking to prohibit the respondent from ordering him released to the Michigan authorities in compliance with the Governor's extradition order.

It is apparent that the respondent withheld final ruling denying habeas corpus because he concluded that there was no statutory provision authorizing him to delay execution of the extradition order of the Governor pending petitioner's appeal of a denial of habeas corpus to this Court. In other words, a denial of the writ of habeas corpus in the factual situation presented would be equivalent to releasing the petitioner to the State of Michigan in compliance with the order of extradition, and the appeal allowable in habeas corpus actions under KRS 419.130 would be inadequate for obtaining the relief sought, there being no statutory means of staying or superseding the trial court's ruling *denying* habeas corpus as there is in habeas corpus actions where the judgment *"orders the release of the person detained * * *."* KRS 419.-130(2).

This Court has the power to issue writs to maintain the status quo of cases pending before it on review, Const., Sec. 110, Crady v. Cranfill (1963), Ky., 371 S.W.2d 640, but there is no final appealable order now before us. We conclude that the trial court would be justified in staying the execution of the extradition order until the termination of the habeas corpus proceedings including any appeal from an order denying habeas corpus. This appears to be the best means available for preserving the petitioner's right to have his appeal from a denial of habeas corpus mean anything in the present circumstances.

There being no judicial act before us so far to prohibit, the writ of prohibition is denied.