Charles H. BREWSTER, Appellant,

v.

John LUBY, Jailer of Fayette County,
Appellee.

Court of Appeals of Kentucky.

June 26, 1964.

Harold F. Dees, Lexington, for appellant.

Robert Matthews, Atty. Gen., Henri L. Mangeot, Deputy Atty. Gen., Frankfort,

Donald P. Moloney, Lexington, for appellee.

DAVIS, Commissioner.

Charles H. Brewster appeals from the order of the Fayette Circuit Court denying his petition for writ of habeas corpus. KRS 419.130. This court has denied the present appellant's petition for order of prohibition. Brewster v. Bradley, Judge, Ky., 379 S.W.2d 480 (decided May 22, 1964). In that opinion we pointed out that the trial court would be justified in staying execution of the extradition order pending final adjudication of the habeas corpus proceeding.

On May 25, 1964, the trial court denied Brewster's petition for habeas corpus, and directed the appellee, jailer of Fayette County, to retain custody of appellant and to deliver him to the agents of Michigan for extradition.

Appellant contends that he may not be extradited to Michigan because (1) Michigan waived its jurisdiction over him incident to surrendering him to Kentucky authorities, (2) returning appellant to Michigan would violate his constitutional right to speedy trial.

Appellant, a Kentucky convict, was released on parole in 1962; incident to that parole he was permitted to depart Kentucky to go to Wayne County, Michigan. This action was taken pursuant to KRS 439.560, which provides for interstate compacts relating to reciprocal supervision of parolees among the states.

On August 19, 1962, while at liberty pursuant to the parole, appellant was arrested in Michigan upon a felony charge. Shortly, appellant was dismissed from Michigan's custody on that charge, after a preliminary hearing. There was no indictment nor trial upon the merits of the Michigan felony charge.

Then the Michigan administrator of the interstate parole compact communicated

with his Kentucky counterpart advising him of the appellant's behavior problems there. The Michigan officer recommended that appellant be returned to Kentucky for further institutional training and guidance.

Accordingly, Kentucky's parole officers procured the requisite warrant and took appellant in custody in Michigan, whence he was returned, in custody, to Kentucky's reformatory from which he had been paroled. In January, 1963, appellant's Kentucky parole was reinstated; he then moved to Lexington.

By requisition dated January 28, 1964, Michigan's Governor demanded extradition of appellant to answer the felony charge contained in a criminal information there pending. It is conceded that the felony charged in the information arises from the same events which precipitated the preliminary hearing at which the charge was dismissed for lack of proof.

Appellant was arrested upon the authority of an extradition warrant issued February 5, 1964, by Kentucky's Governor. This proceeding challenges the legality of his being held under that warrant.

Appellant's prime argument is posited on the premise that Michigan conclusively waived all jurisdiction of him when it surrendered him pursuant to Kentucky's parole violation warrant. Appellant relies on Jones v. Rayborn, Ky., 346 S.W.2d 743; Davis v. Harris, Ky., 355 S.W.2d 147; Thomas v. Schumaker, Ky., 360 S.W.2d 215. To buttress these Kentucky authorities, appellant presents these decisions from other jurisdictions: In re Whittington, 34 Cal.App. 344, 167 P. 404; Cozart v. Wolf, 185 Ind. 505, 112 N.E. 241; People ex rel. Barrett v. Bartley, 383 Ill. 437, 50 N.E.2d 517, 147 A.L.R. 935; State v. Saunders, 288 Mo. 640, 232 S.W. 973; State ex rel. Falconer v. Eberstein, 105 Neb. 833, 182 N.W. 500; Ex parte Bell, Ohio Com.Pl., 75 N.E.2d 186; Anderson v. State, Okl.Cr., 386 P.2d 320; Carpenter v. Lord, 88 Or. 128, 171 P. 577, L.R.A.1918D, 674, and In re Hess, 5 Kan.App. 763, 48 P. 596.

We do not find these authorities controlling here. The Kentucky cases cited (Jones v. Rayborn; Davis v. Harris, and Thomas v. Schumaker, all supra) find their rationale in the fact that in those cases the surrender of the prisoner by Kentucky was not done pursuant to the executive authority of the Governor. It was the unauthorized manner and method of Kentucky's surrender of the prisoner to another sovereign which was determinative of each of those cases. The decisions from sister jurisdictions are distinguishable on factual and statutory differences.

Even more impelling is the sound premise followed in Crady v. Cranfill, Ky., 371 S.W.2d 640. There we said that it would be inappropriate and contrary to sound policy for the courts of this state to assume jurisdiction to determine whether the demanding jurisdiction (Michigan here) has forfeited its right to enforce its laws against the petitioner. We adhere to that precept.

Our conclusion is further supported by KRS 440.200(2), which provides:

"The Governor of this state may also surrender on demand of the executive authority of any other state any person in this state who is charged in the manner provided in KRS 440.180 with having violated the laws of the state whose executive authority is making the demand, even though such person left the demanding state involuntarily."

Appellant asserts that extradition should be denied because to send him to Michigan would deprive him of his constitutional right to a speedy trial. In this regard he relies on Kentucky Constitution, § 11. Kentucky will not try appellant, nor will our constitutional guaranty be applicable in Michigan. We consider the reasoning of Crady v. Cranfield, supra, applicable to this argument.

The judgment is affirmed.