**Ex parte Andrew STOWELL.**

**No. 04–96–00829–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 15, 1997.

Jacquelyn L. Snyder, San Antonio, for appellant.

Steven C. Hilbig, Criminal District Attorney, San Antonio, for appellee.

Before LÓPEZ, GREEN and DUNCAN, JJ.

## PER CURIAM.

Andrew Stowell sought appellate review from an order of extradition and denial of habeas corpus relief. Shortly after he gave written notice of appeal, however, the State of Texas extradited him to the State of Michigan. This court issued a show cause order raising several jurisdictional issues.

Appellant's response to our show cause order has been reviewed. The unverified response does not satisfy any of our concerns regarding jurisdiction. Although it recites a laborious effort in investigating the unusual circumstances surrounding this proceeding below, it offers no documentary support in a supplemental transcript.

Assuming the magistrate's order denying relief was signed on the date of hearing which appellant represents occurred on October 4, 1996, the notice of appeal filed on October 9, 1996 would be timely. The statement of facts was due in this court on October 24, 1996, but was not filed until December 4, 1996.

Attached to the statement of facts are State's exhibit no. 1 and defendant's exhibit no. 1. The State's exhibit is a certified copy of a parole violation warrant issued by the State of Michigan, a basic information sheet on the parolee, the parole board order for parole, and a written request from the Michigan Department of Corrections that Bexar County officials hold Stowell for extradition.

State's exhibit no. 1 also contains a set of parole conditions which Stowell signed on January 16, 1996. The conditions contain a waiver of extradition provision. Defendant's exhibit no. 1 is identical to the State's exhibit except that the last two pages, including the waiver of extradition provision, are missing.

■ Appellant's counsel argued at the hearing that the State had not complied with article 51.13 of the code of criminal procedure. Tex.Code Crim.Proc.Ann. art. 51.13 (Vernon 1979). It is not necessary for the State to comply with the extradition procedures of article 51.13, however, under the circumstances present in this case. The court of criminal appeals has held that formal extradition proceedings are rendered unnecessary to return a parole violator to the demanding state when a prior waiver of extradition has been executed. *See Ex parte Johnson,* 610 S.W.2d 757, 759–60 (Tex.Crim. App.1980).

■ The appeal, however, has a more fundamental problem in that appellant is no longer personally within our jurisdiction. Were we to grant relief, we would be focusing our order on the government of a sister state—an act that would place Texas at odds with our federal system of government.

In *Commonwealth of Pennsylvania v. Caffrey,* another court found that there is no effective means for ruling on the merits of such an appeal. *Commonwealth of Pennsylvania v. Caffrey,* 352 Pa.Super. 406, 508 A.2d 322, 323 (1986). The court noted the problem we face of finding authority for this dilemma:

As so often happens in the law, the simpler the proposition, the more difficult it is to find a statement to fit. That is so here. Research has not disclosed a single case in these United States standing for the proposition that the asylum state cannot review, on appeal, the propriety of the denial of a writ of habeas corpus when the subject has already been taken to the demanding state.

*Id.* The court mused in a footnote that this situation may result from the fact that counsel rarely would ask one state to act when his

or her client is in another state. *See id.* at n. 2. The *Caffrey* opinion went on to hold that "the legality of extradition must be tested in the asylum state prior to extradition, not afterwards." *Id.* 508 A.2d at 323. To insure that such proceedings get a complete review in the asylum state's courts, an appellant may seek a stay of extradition pending appeal. Because Caffrey did not do so, the Pennsylvania appellate court was deprived of any opportunity to review the habeas proceeding. *Id.* at n. 3; *accord Brewster v. Bradley,* 379 S.W.2d 480, 481 (Ky.Ct.App. 1964) (stay of extradition order is best means available to preserve petitioner's right to appeal of denial of habeas corpus).

In this case, Stowell was extradited shortly after the order denying habeas corpus relief was issued. When his notice of appeal was filed, no motion to stay extradition was filed to preserve personal jurisdiction over the appeal. We are of the opinion that appellant's extradition to another jurisdiction renders his appeal moot in this jurisdiction. The appeal is, therefore, dismissed as moot.