

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00238-CR

JORDAN PRICE,

                                             **Appellant**

 **v.**

THE STATE OF TEXAS,

                                             **Appellee**

---

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2019-1203-2

---

## MEMORANDUM OPINION

---

Appellant Jordan Price was arrested in McLennan County, Texas on January 23, 2019 after a traffic stop. Price had a number of outstanding arrest warrants issued by the State of Virginia. A search of Price's car revealed a felony amount of a controlled substance. Price was indicted on the drug charge in Case Number 2019-446-C2. Bail was set on the drug charge in the amount of $5,000. Price's mother posted bond on his behalf on February 10, 2019, but Price remained in custody due to the Virginia warrants.

On February 12, 2019, Price filed a pro se petition for writ of habeas corpus, which was assigned Case Number 2019-472-2. In that petition, Price challenged the trial court's failure to set bail on the Virginia charges. After a hearing on March 15, 2019, the trial court granted Price's habeas petition and set bail on the Virginia charges at $200,000, with additional conditions of release. Price never made the required bail. On April 5, 2019, Price appealed the trial court's order, which was assigned Cause Number 10-19-00122-CR in this Court.

Also on April 5, 2019, Price filed another pro se petition for writ of habeas corpus that was assigned Case Number 2019-1203-2. In his second habeas petition, Price complained that he was being held in violation of Article 51.13, § 15 of the Code of Criminal Procedure because more than thirty days had passed without an extension on the Virginia warrants. Price additionally argued in his petition that he should be released under Article 51.07 on April 23, 2019 if no Governor's Warrant from Virginia had been presented. A hearing was held on Price's second habeas petition on April 18, 2019, and the trial court denied his petition. Price did not file a notice of appeal from the trial court's oral ruling.

A Virginia Governor's warrant for extradition was issued on May 10, 2019, and a McLennan County district judge signed an order delaying service of the warrant on May 22, 2019. Price entered a guilty plea to the drug charge in Case Number 2019-446-C2 on June 13, 2019. Price signed a voluntary waiver of extradition in Case Number 2019-1203-2 on June 18, 2019, and the trial court signed an Order Granting Waiver of Extradition the same day. Price was extradited to Virginia on July 12, 2019. *See* Price's Amended Brief

filed in Cause Number 10-19-00122-CR, p. 14. Despite his extradition, Price filed a notice of appeal on July 19, 2019 in Case Number 2019-1203-2 that was assigned Cause Number 10-19-00238-CR in this Court. Price did not mention in his notice of appeal that he is no longer in the State of Texas.

After Price's appeal was filed, we issued a letter that requested Price to show grounds why his appeal should not be dismissed for want of jurisdiction. It appeared from the information included with his notice of appeal that Price was appealing the legality of the Virginia Governor's warrant, which would require that Price present his claims through a petition for writ of habeas corpus. In his response to the Court's letter, Price notes that he is "not testing the legality of his arrest and detainment pursuant to a Governor's Warrant, which requires as a condition precedent to an appeal an Article 51.13, section 10 writ of habeas corpus, nor is he raising any issues that would be the subject of such an appeal."[1] Price does not, however, identify what he is appealing beyond what he lists in his notice of appeal:

> 2. A hearing was held on April 18, 2019 and Mr. Price filed a request for findings of facts and conclusions of law on May 7, 2019 in the above caption [sic] case. The trial court has not issued the requested findings of fact and conclusions of law. In addition, the trial court issued orders on June 7, 2019 and June 18, 2019, that are also being appealed.
>
> 3. Jordan Price seeks to appeal all portions of the judgments listed in paragraph 2 including any findings of fact and law.

---

[1] Price's response to our letter was filed in appellate Cause Number 10-19-00122-CR although it bears the number of this appeal. We attach a copy of Price's response in order to make it part of the record.

The Clerk's record has now been filed. The most recent order that Price seeks to appeal is dated June 18, 2019—the trial court's order *granting* Price's voluntary waiver of extradition.

However Price defines his claims, we are without jurisdiction to consider this matter. An appeal in a criminal case is only permitted when authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). "In Texas, '[t]he standard for determining [jurisdiction of an appellate court] is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Id.* (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)). Article 51.13 of the Code of Criminal Procedure, the Uniform Criminal Extradition Act, governs extradition proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13. "The act does not provide for an appeal or an appeal process." *Henderson v. State*, No. 03-16-00578-CR, 2016 WL 5349377, at *1 (Tex. App.—Austin Sept. 21, 2016, no pet.) (mem. op., not designated for publication). Instead, a defendant challenging extradition or any of the procedures under the act must file an application for a writ of habeas corpus as authorized by Section 10 of the act. TEX. CODE CRIM. PROC. ANN., art. 51.13, § 10 (requiring trial court to "fix a reasonable time to be allowed the prisoner in which to apply for a writ of habeas corpus" if prisoner "desire[s] to test the legality of his arrest" on the governor's extradition warrant). *See also Ex parte Chapman*, 601 S.W.2d 380, 382-83 (Tex. Crim. App. 1980); *Stelbacky v. State*, 22 S.W.3d 583, 587 (Tex. App.—Amarillo 2000, no pet.).

Price did file a writ of habeas corpus that initiated the proceedings in Case Number 2019-1203-2. As noted, the trial court denied that writ after a hearing on April 18, 2019,

and Price did not file a timely notice of appeal from the trial court's ruling. A notice of appeal must be filed within thirty (30) days after the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). The time for filing a notice of appeal may be extended if the appellant requests additional time or if the appellant files a motion for new trial. TEX. R. APP. P. 26.2(2); 26.3. Price did not file either in Case Number 2019-1203-2 or any of the other cases arising out of his Texas arrest. Price's attempted appeal from the trial court's denial of his petition for writ of habeas corpus is, therefore, untimely.

The other orders to which Price refers in his notice of appeal may not form the basis of an appeal in this extradition proceeding. *See Ex parte Maldonado*, No. 11-19-00019-CR, 2019 WL 614293, at *1 (Tex. App.—Eastland, Feb. 14, 2019, no pet.) (per curiam) (mem. op., not designated for publication) (denial of habeas petition appealable, but "any other gratuitous action or order that a trial court may enter with respect to extradition would not be appealable."); *see also Henderson*, 2016 WL 5349377, at *1 ("The appealable order in an extradition proceeding is the trial court's order denying the arrestee's application for writ of habeas corpus, not any extradition order the trial court may enter."). Price filed a pro se request for findings of fact and conclusions of law from the April 18th hearing on May 7, 2019 in Case Number 2019-1203-2. The clerk's record contains no ruling from the trial court on Price's request, nor any follow-up from Price requesting a ruling. The record contains no notice of appeal from Price related to the trial court's failure to rule, nor any application for a writ of mandamus. Price's July 19, 2019 notice of appeal as to this issue is, therefore, untimely.

The clerk's record also contains no written order issued by the trial court in Case Number 2019-1203-2 on June 7, 2019. A hearing was held on June 7, 2019 in Case Number 2019-446-C2, but Price did not file a notice of appeal in that case number. The purpose of the June 7 hearing was to address Price's motion to reinstate the $5,000 bond that had been set in respect to the Texas drug charges. Price also noted at the bail hearing that he believed the authorization to continue to hold him on the Virginia warrants had expired. At the conclusion of the hearing, the trial court orally denied Price's request for relief. Even if we conclude that Price's notice of appeal in Case Number 2019-1203-2 extends to the trial court's oral ruling in Case Number 2019-446-C2, his appeal would still be untimely.[2]

We are also without jurisdiction to consider Price's appeal because he has already been extradited to Virginia. *See Ex parte Stowell*, 940 S.W.2d 241, 243 (Tex. App.—San Antonio 1997, no pet.) (habeas action moot when petitioner extradited to another state and no motion to stay extradition was filed). The record contains no stay of extradition request filed by Price.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.

---

[2] We abated the proceedings in Cause Number 10-19-00122-CR for the trial court to determine the identity of Price's attorney or attorneys. At the conclusion of the hearing on the abatement order held on June 13, 2019, the trial court directed the court reporter to include in the record all of the papers and proceedings filed in Case Numbers 2019-446-C2, 2019-472-2, and 2019-1203-2. We take judicial notice of the court reporter's records filed in each of those case numbers. *See Volosen v. State*, 227 S.W.3d 77, 81 (Tex. Crim. App. 2007) ("Where a matter is appropriately subject to judicial notice, an appellate court can take judicial notice for the first time on appeal."); *see also Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987) ("appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties. . . .").

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Dismissed for want of jurisdiction
Opinion delivered and filed November 13, 2019
Do not publish
[CR25]



# ATTACHMENT

ACCEPTED
10-19-00122-cr
TENTH COURT OF APPEALS
WACO, TEXAS
8/22/2019 9:57 PM
NITA WHITENER
CLERK

No. 10-19-00238-CR
IN THE COURT OF APPEALS FOR THE
TENTH APPELLATE DISTRICT OF TEXAS

FILED IN
10th COURT OF APPEALS
WACO, TEXAS
8/23/2019 10:54:00 AM
NITA WHITENER
Clerk

In Re the Commitment of Jordan Price
Appellant,
v.
State of Texas,
Appellee.

---

On Appeal in Cause No. 2019-1203-2
In the 54th Judicial District Court McLennan County, Texas
The Honorable Matt Johnson, Judge Presiding

### APPELLANT'S RESPONSE TO AUGUST 8, 2019 LETTER

On August 8, 2019, the Clerk of the Tenth Court of Appeals sent a notification letter to Appellant stating that "this case is subject to dismissal for want of jurisdiction because it appears that this Court does not have jurisdiction of your appeal" citing to *Ex parte Chapman*, 601 S.W.2d 380, 383 (Tex. Crim. App. 1980); *Stelbacky v. State*, 22 S.W.3d 583, 587 (Tex. App.—Amarillo 2000, no pet.). The Court requested that Appellant show grounds for continuing the appeal within 14 days of that letter. This is Appellant's response.

The Tenth Court of Appeals has jurisdiction over Appellant's appeal as Appellant is not testing the legality of his arrest and detainment pursuant to a

---

Price v. State                                                                      Page 9

Governor's Warrant, which requires as a condition precedent to an appeal an Article 51.13, section 10 writ of habeas, nor is he raising any issues that would be the subject of such an appeal. Therefore, the holdings in *Ex parte Chapman* and *Stelbacky v. State* are not applicable here. *Ex parte Chapman* stands for the proposition that there is no appellate jurisdiction to challenge the legality of an arrest and detainment pursuant to a Governor's Warrant without first applying for a writ of habeas corpus pursuant to Article 51.13, section 10 of the Texas Code of Criminal Procedure. 601 S.W.2d at 383.[1] In *Stelbacky v. State,* the Court of Appeals stated that "[a] review of the denial of habeas corpus relief in an extradition proceeding is limited to [specific] issues."[2] 22 S.W.3d at 587.

---

[1] The Court in *Ex parte Chapman* affirmed the law of jurisdiction stated in *Ex parte Hagler,* 161 Tex.Cr.R. 387, 278 S.W.2d 143 (1955):

> [T]he law guarantees that a citizen shall not be sent to a foreign State for trial until the following steps have been taken, to-wit: (1) The Governor of this State shall issue a warrant which orders him delivered to the agent of the demanding State, (2) *He shall be given an opportunity to apply for a writ of habeas corpus,* and (3) He shall be given an opportunity to appeal to this Court from an adverse ruling in the trial court.

*Id.* The Court in *Ex parte Chapman* then held that if a petitioner "has clearly waived his right to proceed to the third step alluded to above, the right to appeal, by failing to avail himself of the second step 'opportunity.'" *Id.*

[2] The specific issues on appeal from an Article 51.13, section 10 habeas proceeding are "(1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive." *Stelbacky v. State,* 22 S.W.3d at 587.

2

Appellant Jordan Price is not challenging the legality of an arrest and detainment pursuant to a Governor's Warrant. Further, Appellant is not seeking to challenge any issue that would normally be on appeal from an Article 51.13, section 10 habeas proceeding (and the trial court did not making any rulings related to those issues).

Accordingly, Appellant's appeal should be allowed to proceed to briefing and a substantive ruling by this Court.

Dated: August 22, 2019

Respectfully submitted,

/s/ Brian McGiverin
Brian McGiverin
Texas Bar No. 24067760
Austin Community Law Center
1411 West Ave
Austin, TX 78701
Telephone: (512) 596-0226
Fax: (512) 597-0805
brian@austincommunitylawcenter.org

/s/ J. Goodwille Pierre
J. Goodwille Pierre
Texas Bar No. 240-01-608
Limited Representation
The Pierre Firm PLLC
5330 Griggs Rd. Suite F105
Houston, TX 77021
Telephone (832) 224-6539
Fax: 866-235-9632
goodwille@goodwillepierre.com

## CERTIFICATE OF SERVICE

This is to certify that on August 22, 2019 a true and correct copy of the above and foregoing document Appellant's Response to August 8, 2019 Letter was served on the following by electronic service to Barry Johnson and Sterling Harmon.

/s/ Brian McGiverin
Brian McGiverin

3