**Dismissed and Opinion Filed August 22, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00181-CR**

**EX PARTE NORMAN JOSEPH LANDRY**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-00932-2022**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

Norman Joseph Landry appeals the trial court's order denying his application for writ of habeas corpus contesting his extradition to the State of Rhode Island. The State has moved to dismiss the appeal as moot. Appellant has not filed a response. We agree with the State, and dismiss this appeal as moot.

Appellant was arrested in Collin County under a Texas Governor's warrant authorizing his extradition to Rhode Island, where he is charged with multiple offenses. Appellant filed an application for writ of habeas corpus to challenge the extradition. During the hearing on his application, appellant admitted he was the

person wanted in Rhode Island, but raised a technical objection to the Governor's warrant. The trial court denied relief and appellant appealed.

While the appeal was pending, appellant discharged his appointed counsel and elected to proceed pro se. On appellant's motion, the court abated the appeal to the trial court to set an appeal bond. During the bond hearing, appellant suggested that he wanted to be released on bond so he could return voluntarily to Rhode Island. On June 20, 2022, the trial court entered an order setting bond at $100,000.

On August 9, 2022, the State filed a motion to dismiss the appeal. In its motion, the State represents that appellant was released on bail, he returned to Rhode Island, and he cleared his warrants. The State attached to its motion certified copies of docket sheets from appellant's Rhode Island cases showing the warrants for appellant's arrest were canceled on July 25, 2022, and his cases have been set for pretrial hearings in September 2022. The State also attached a certified copy of a warrant for commitment from one case documenting that appellant's warrant was canceled because he had appeared as a "walk in."

When subsequent developments end the controversy that serves as the premise for habeas relief, an appeal from the denial of a habeas application becomes moot. *See Ex parte Huerta*, 582 S.W.3d 407, 410 (Tex. App.—Amarillo 2018, pet. ref'd); *Ex parte Flores*, 130 S.W.3d 100, 105 (Tex. App.—El Paso 2003, pet. ref'd). Subject to exceptions not applicable to the current case, when habeas proceedings become moot, pending appeals must be dismissed because appellate courts lack

jurisdiction to decide moot controversies and issue advisory opinions. *Huerta*, 582 S.W.3d at 411–13; *see also Flores*, 130 S.W.3d at 105.

A habeas appeal challenging the applicant's extradition is rendered moot if the applicant returns to the demanding state and is apprehended and placed into custody there. *Ex parte Spears*, 343 S.W.2d 466, 466 (Tex. Crim. App. 1961); *see also Ex parte Stowell*, 940 S.W.2d 241, 243 (Tex. App.—San Antonio 1997, no pet.) (per curiam) (extradition to demanding state rendered habeas appeal of extradition moot); *Ex parte Perez*, No. 05-18-01046-CR, 2018 WL 6333255, at *1 (Tex. App.—Dallas Nov. 29, 2018, no pet.) (mem. op., not designated for publication) (same).

Appellant's voluntary return to Rhode Island means there is no longer a controversy over his extradition for this court to resolve. *See Spears*, 343 S.W.2d at 466. Accordingly, we grant the State's motion and dismiss the appeal as moot.

/Cory L. Carlyle//
CORY L. CARLYLE
220181f.u05                                    JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

–3–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE NORMAN JOSEPH
LANDRY

No. 05-22-00181-CR

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-00932-
2022.
Opinion delivered by Justice Carlyle.
Justices Myers and Goldstein
participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.


Judgment entered this 22nd day of August, 2022.