

# NUMBERS 13-23-00510-CR, 13-23-00511-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE JORGE ULISES APODERADO CADENA

## ON APPEAL FROM THE COUNTY COURT
## OF KINNEY COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Justice Longoria**

Appellant Jorge Ulises Apoderado Cadena attempts to appeal from a denial of his pretrial writs of habeas corpus seeking to modify the conditions of his bail. The State has filed a motion to dismiss, asserting that the underlying order denying appellant's requested relief was improperly entered and is void. As such, the State argues that appellant's appeal is moot and should be dismissed.[1] We agree.

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the

On June 6, 2023, appellant was charged by information for evading arrest and criminal trespass.[2] At his magistrate hearing, as a condition of his bond, appellant was ordered to appear before the County Court for his next hearing. Appellant was informed, via his notice of appearance, that if he did not appear before the court on the scheduled date and time, his "bond may be forfeited and an order for [his] arrest may be issued, and new charges brought for bail jumping." Upon posting his bond, appellant was apprehended by federal immigration authorities in accordance with an Immigration Customs Enforcement (ICE) detainer, and he was subsequently removed from the United States.

On August 28, 2023, in the County Court for Kinney County, appellant filed in both trial court causes identical pretrial applications for writ of habeas corpus seeking to modify his bond conditions to allow him to appear remotely/electronically for his hearings, because he was no longer in the United States.

At a subsequent hearing before the trial court, on September 5, 2023, appellant's counsel appeared but appellant failed to appear in person. Counsel for appellant requested that the hearing be reset so that appellant's pending writ of habeas corpus motions could be decided by the county court judge assigned for all writs in Kinney

---

authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

[2] Appellant was charged with evading arrest in cause number 14532CR, appellate cause number 12-23-00510-CR and charged with criminal trespass in cause number 14533CR, appellate cause number 12-23-00511-CR.

County. The request was denied. The State requested bond forfeiture for failure to appear and the trial court granted the request. The trial court issued a capias for appellant's arrest for failure to appear on September 13, 2023. Subsequently, on September 22, 2023, the county court judge denied appellant's applications for pretrial writ of habeas corpus. It is this denial appellant attempts to appeal.

After reviewing the record, we dismiss appellant's appeals as moot. The issuance of the capias for appellant's arrest and his bond forfeiture renders moot any complaint arising from the underlying conditions of the now forfeited bond. *See Ex parte Worden*, 502 S.W.2d 803, 804 (Tex. Crim. App. 1974); *see also Ex parte Windsor*, No. 10-14-00401-CR, 2016 WL 192303, at *8 (Tex. App.—Waco Jan. 14, 2016, pet. denied) (mem. op., not designated for publication) ("The issuance of a valid Governor's warrant renders moot any complaint arising from confinement under a fugitive warrant, including detention in excess of the statutory period."); *Ex parte Price*, No. 10-19-00122-CR, 2019 WL 6049941, at *1 (Tex. App.—Waco Nov. 13, 2019, no pet.) (same). Because appellant is no longer in custody, as his bond has been forfeited, his claims are moot. *See Armes v. State*, 573 S.W.2d 7, 9 (Tex. Crim. App. 1978) (habeas unavailable if applicant no longer in custody); *see also Ex parte Alt*, 958 S.W.2d 948, 952 (Tex. App.—Austin 1998, no pet.) (habeas not available to secure judicial determination of question which, "even if decided in the applicant's favor, could not result in his immediate discharge."); *Ex parte Stowell*, 940 S.W.2d 241, 243 (Tex. App.—San Antonio 1997) (habeas action moot when

3

petitioner extradited to another state and no motion to stay extradition was filed). In light of the foregoing, we dismiss appellant's appeals as moot.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
2nd day of May, 2024.

4