508 A.2d 322

**COMMONWEALTH of Pennsylvania**

v.

**Thomas CAFFREY, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 4, 1985.

Filed April 28, 1986.

Patrick J. Flannery, Assistant Public Defender, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before BROSKY, POPOVICH and ROBERTS, JJ.

BROSKY, Judge:

This appeal is from the denial of a writ of habeas corpus sought to prevent appellant's extradition to Delaware. Appellant contends that the trial court erred in denying the writ as the matter was res judicata in other proceedings before the trial court of another county in this Commonwealth. We cannot reach the merits of this contention because appellant has already been extradited to Delaware. The appeal is, thus, moot and this appeal is, accordingly, quashed.

After the denial of the instant writ, the extradition hearing was held and appellant was extradited to the requesting state, Delaware. That rather simple fact is of the greatest significance, for it deprives this Court of the ability to effectively rule on the merits of this appeal. Arguendo that appellant would prevail here on the merits, at whom would we direct our order line? The courts of the Commonwealth of Pennsylvania do not, under our federal system of government, issue orders to the governments of our sister states. "States, through their courts, should not reach beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *Beatrice Foods Co. v. Proctor & Schwartz*, 309 Pa.Super. 351, 358, 455 A.2d 646, 649 (1982). A state's jurisdiction is territorially limited. "The decree of a court of a state cannot operate

extraterritorially, nor can a state exercise jurisdiction by judicial process or otherwise over persons or property outside its territorial limits." *Commonwealth v. Graham*, 367 Pa. 553, 561, 80 A.2d 829, 833 (1951). As so often happens in the law, the simpler the proposition, the more difficult it is to find a statement of it. That is so here. Research has not disclosed a single case in these United States standing for the proposition that the asylum state cannot review, on appeal, the propriety of the denial of a writ of habeas corpus when the subject has already been taken to the demanding state.[1] Only the reverse situation has been treated.[2]

■ In *Commonwealth v. Carlos*, 462 Pa. 262, 341 A.2d 71 (1975), this Commonwealth's courts were asked to rule on the propriety of appellant's extradition *to* this state. Justice Eagen wrote, "The legality of extradition must be challenged in the asylum state *prior to* extradition to the demanding state." *Carlos*, 462 Pa. at 267, 341 A.2d at 73 (emphasis added). Going beyond the facts in *Carlos*, as we must, the above statement can be read to imply that not only is the demanding state not the appropriate forum to test, by writ of habeas corpus, the legality of the extradition (the issue before the Court in Carlos), but also that the legality of the extradition must be tested in the asylum state prior to extradition, not afterwards. In any event, we now so hold.[3]

This Court will not put itself in the position of issuing orders that can have no effect. Whether this is categorized in terms of lack of extraterritorial jurisdiction or of mootness due to that lack, matters little. Under either rubric, we could grant no relief, if we thought it required in this case. Accordingly, we are compelled to decline the opportunity of appellate review.

Appeal quashed.

1. Indeed, there is no law to the contrary.
2. It may well be that the situation does not often arise that counsel asks one state to act when his client is in another state.
3. This does not leave all those denied the writ no appellate review. A stay of the extradition could be sought pending appeal. See, for

ROBERTS, J., files a concurring opinion.

POPOVICH, J., concurs in the result.

ROBERTS, Judge, concurring:

I agree that this appeal should be quashed because the record establishes that appellant has already been extradited to Delaware. Accordingly, this case is controlled by the decisions of our courts which hold that a writ of habeas corpus shall not issue when the relator was once, but is no longer, in the custody of this Commonwealth. See e.g. *Commonwealth ex. rel. Wood v. Maroney,* 207 Pa.Super. 191, 215 A.2d 286 (1965); *Commonwealth ex. rel. Spader v. Burke,* 171 Pa.Super. 289, 90 A.2d 849 (1952) (writs of habeas corpus will not issue in favor of parolees). *Cf. Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); *Commonwealth ex. rel. Marshall v. Gedney,* 237 Pa.Super. 372, 352 A.2d 528 (1975) (once asylum state has extradited based on demanding state's probable cause determination, no further judicial inquiry may be had in asylum state).

example, *Commonwealth ex rel. Raucci v. Price,* 409 Pa. 90, 185 A.2d 523 (1962). Had appellant utilized that procedure, he would, most likely, still be in this state and we would have the ability to rule on the merits of his appeal. However, he did not and we do not.