J-S72033-16
J-S72034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES CUNNINGHAM, | : | |
| | : | |
| Appellant | : | No. 2111 MDA 2015 |

Appeal from the Order November 13, 2015,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-MD-0000745-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES CUNNINGHAM, | : | |
| | : | |
| Appellant | : | No. 2281 MDA 2015 |

Appeal from the Order December 2, 2015,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-MD-0000745-2015

BEFORE:  GANTMAN, P.J., DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　**FILED DECEMBER 23, 2016**

In these consolidated appeals, James Cunningham (Appellant) challenges the November 13, 2015 and December 2, 2015 trial court orders addressing his petition for *habeas corpus*, which contested the validity of an extradition warrant ordering his surrender to the state of Colorado. Additionally, at both case numbers, Appellant's counsel has filed a petition to

*Retired Senior Judge assigned to the Superior Court.

withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we deny counsel's petition without prejudice, and remand for further proceedings consistent with this memorandum.

The record before us reveals the following convoluted procedural history. On April 11, 2013, Appellant allegedly committed a number of offenses in the state of Colorado, among them attempted second-degree murder. Appellant fled that state and a warrant was issued for his arrest. Subsequently, he was located in Luzerne County, Pennsylvania and, on July 15, 2015, was taken into custody on the outstanding Colorado warrant. On July 16, 2015, Appellant was arraigned, bond was set at $1,000,000, and the process of extraditing Appellant to Colorado began. The docket notes that on July 22, 2015, Appellant expressed his desire to challenge extradition and a hearing was scheduled for July 27, 2015.[1] The certified record before us reveals no notes of testimony from any hearing on July 27, 2015, nor is there an accompanying continuance request from either party. The next docket entry is an order, filed on August 10, 2015, which reiterated

---

[1] In his first petition for writ of *habeas corpus*, Appellant contended that he "appeared for an extradition hearing on July 22, 2015 before the Honorable [Thomas F.] Burke [Jr.], at which time he requested that Colorado produce a Governor's Warrant in order to have [him] extradited back to that state." Appellant's First Petition for Writ of *Habeas Corpus*, at 1 ¶ 3. The certified record contains neither a record of this request nor any notes of testimony from this hearing.

Appellant's request for a hearing and indicated that the district attorney should schedule the hearing through court administration.[2]

On or about October 22, 2015, Appellant filed[3] a petition for writ of *habeas corpus*, in which he alleged that he had been held in Luzerne County "for a total of 90 days" without production of a Governor's Warrant in violation of 42 Pa.C.S. §§ 9136 and 9138 (governing the timeframes applicable to production of Governor's Warrants in challenges to extradition proceedings). Appellant's First Petition for Writ of *Habeas Corpus*, at 1 ¶ 4-6.

On October 23, 2015, Judge Burke granted Appellant's petition and ordered him "released p.o. [pending other] detainers."[4] Order, 10/23/2015. However, that same day, Appellant was arrested on new fugitive from justice charges before he was released from the Luzerne County prison.[5] Appellant

---

[2] The August 10, 2015 order also noted that Appellant "waives extradition to Colorado," but this notation appears to be in error.

[3] There is no record of this filing on the lower court's docket but based on Judge Burke's October 22, 2015 order scheduling a hearing on the petition, it appears to have been presented to the lower court at some point prior to October 22, 2015.

[4] Again, the certified record is devoid of any transcript from this proceeding.

[5] The record is unclear as to the basis for Appellant's rearrest. At the November 13, 2015, hearing on Appellant's second petition for writ of *habeas corpus* before the Honorable Tina P. Gartley, the district attorney explained that, once Judge Burke granted Appellant's first petition, she "immediately had new fugitive from justice charges [filed] because the warrant from Colorado was not extinguished, he was simply released from our prison. And then he was rearrested on new fugitive from justice charges

was arraigned on October 23, 2015, and ordered held on a $1,000,000 bail. Once again, he challenged extradition and a hearing was scheduled for November 4, 2015.

On November 4, 2015, the Honorable Michael T. Vough granted Appellant ten days to file a new petition for writ of *habeas corpus*. Appellant's second petition was filed on November 10, 2015 and a hearing was scheduled before the Honorable Tina P. Gartley on November 13, 2015. On November 13, 2015, following a hearing, Judge Gartley issued an order which, *inter alia*, granted the Commonwealth 30 days from November 4, 2015 to produce a Governor's Warrant, with leave to file an extension. Further, the court remanded Appellant to the Luzerne County Jail and retained jurisdiction. Judge Gartley did not rule upon Appellant's new *habeas corpus* petition.

On November 20, 2015, the Commonwealth filed with Judge Gartley its petition to extradite, appended to which was a copy of the Governor's Warrant signed by Pennsylvania Governor Tom Wolf and dated November 16, 2015. In response, Judge Gartley issued a rule upon Appellant to show

---

and the extradition process started all over again because it was a new set of charges." N.T., 11/13/2015, at 3. The district attorney noted that a "completely separate probable cause affidavit" was filed, **id.** at 8; however, the record before us does not contain that affidavit, nor can this Court find a case number for any new charges. We note with displeasure that the Commonwealth has not filed a brief in this matter, which may have assisted this Court in accurately assessing the relevant facts surrounding Appellant's rearrest.

cause as to why the Commonwealth's petition should not be granted and a new hearing was scheduled for November 23, 2015. That hearing was continued once it was discovered that Appellant had mistakenly been placed on a prisoner security transport the previous day and was, at the time, on a van in Bel Air, Maryland. Appellant was returned to Luzerne County and an extradition hearing was scheduled for December 1, 2015. However, prior to that hearing, on November 30, 2015, Appellant filed a notice of appeal from Judge Gartley's November 13, 2015 order, which was docketed at 2111 MDA 2015. A day later, on December 1, 2015, Appellant also filed a motion seeking to stay the extradition proceedings pending the appeal.

On December 2, 2015, Judge Gartley held a hearing on the Commonwealth's petition to extradite and Appellant's motion for a stay of proceedings, after which she (1) granted the Commonwealth's petition for extradition and (2) denied Appellant's motion to stay extradition. *See* N.T., 12/2/2015, at 31-38; Order Granting Extradition 12/2/2015; Order Denying Defense Motion for Stay Pending Appeal, 12/2/2015; Findings of Fact and Order, 12/4/2015. These rulings effectively denied Appellant's pending petition for writ of *habeas corpus*. Also, on December 2, 2015, Appellant filed a notice of appeal from Judge Gartley's December 2, 2015 order, which was docketed at 2281 MDA 2015, and a second motion for stay pending appeal. Appellant's motion for stay was denied on December 15, 2015. Appellant has since been transferred to Colorado. *Anders* Brief at 10.

- 5 -

Both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925.

In this Court, at each case number, Appellant's counsel has filed both an *Anders* brief and a petition to withdraw as counsel. Accordingly, before we may consider the substance of this appeal, we must address counsel's compliance with *Anders*.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the *Anders* procedure:

- 6 -

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

In her petitions to withdraw, counsel asserts that she has "made a conscientious review of the record and has concluded that the grounds sought to be reviewed" are "wholly frivolous." Petition for Leave to Withdraw as Counsel, 7/5/2016.

Counsel further notes that she has sent Appellant a copy of the **Anders** brief and "a letter informing him of [counsel's] request to withdraw." **Id.** at ¶ 4. However, the record does not contain a copy of this letter; thus, we are unable to determine whether counsel complied with her duty to "[advise] the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Wrecks**, 931 A.2d at 720-21.[6]

---

[6] Based on our review of the procedural history of this matter and prevailing case law, we are aware that the issues presented in these appeals may be moot. **See Commonwealth v. Caffrey**, 508 A.2d 322, 323 (Pa. Super. 1986) (holding that "the asylum state cannot review, on appeal, the propriety of the denial of a writ of *habeas corpus* when the subject has already been taken to the demanding state."). However, where "counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court

- 7 -

Due to these deficiencies, we deny without prejudice counsel's petition to withdraw. We remand this case and direct counsel to file, within 30 days of the date of this memorandum, either an advocate's brief or a proper **Anders** brief and petition to withdraw. The Commonwealth shall have 30 days from the date that counsel files her brief in order to file a responsive brief.

Petition to withdraw as counsel denied. Case remanded with instructions. Panel jurisdiction retained.

---

will deny the petition to withdraw and remand the case with appropriate instructions." **Wrecks**, 931 A.2d at 720-21. Accordingly, we may not review the substantive issues advanced by counsel until we are convinced she has complied with **Anders** and **Santiago**.