J-S72033-16
J-S72034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES CUNNINGHAM, | : | |
| | : | |
| Appellant | : | No. 2111 MDA 2015 |

Appeal from the Order November 13, 2015,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-MD-0000745-2015

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES CUNNINGHAM, | : | |
| | : | |
| Appellant | : | No. 2281 MDA 2015 |

Appeal from the Order December 2, 2015,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-MD-0000745-2015

BEFORE: GANTMAN, P.J., DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED APRIL 13, 2017**

In these consolidated appeals, James Cunningham (Appellant) challenges the November 13, 2015 and December 2, 2015 trial court orders addressing his petition for writ of *habeas corpus*, which contested the validity of an extradition warrant ordering his surrender to the state of

*Retired Senior Judge assigned to the Superior Court.

Colorado.[1]   Additionally, at both appeal numbers, Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's motions to withdraw and dismiss the appeals as moot.

For the purposes of these appeals, we consider the following relevant information.  On April 11, 2013, Appellant allegedly committed a number of offenses in the state of Colorado, among them attempted second-degree murder.  Appellant fled that state and a warrant was issued for his arrest. Subsequently, he was located in Luzerne County, Pennsylvania and, on July 15, 2015, was taken into custody on the outstanding Colorado warrant.  On July 16, 2015, Appellant was arraigned, bond was set at $1,000,000, and the process of extraditing Appellant to Colorado began.  On or about October 22, 2015, Appellant filed a petition for writ of *habeas corpus*, in which he alleged that he had been held in Luzerne County "for a total of 90 days" without production of a Governor's Warrant in violation of 42 Pa.C.S. §§ 9136 and 9138 (governing the timeframes applicable to production of Governor's Warrants in challenges to extradition proceedings).  Appellant's First Petition for Writ of *Habeas Corpus*, 10/22/2015, at 1 ¶¶ 4-6.

---

[1] We have *sua sponte* consolidated Appellants appeals as they each raise a similar issue. **See** Pa.R.A.P. 513.

- 2 -

On October 23, 2015, Appellant's petition was granted and he was ordered to be "released p.o. [pending other] detainers." Order, 10/23/2015. However, that same day, Appellant was arrested on new fugitive from justice charges. Once again, he challenged extradition. On November 10, 2015, Appellant filed a second petition for writ of *habeas corpus* which, after substantial litigation, was effectively denied by court order dated December 2, 2015. That order (1) granted the Commonwealth's petition for extradition and (2) denied Appellant's motion to stay extradition. *See* N.T., 12/2/2015, at 31-38; Order Granting Extradition 12/2/2015; Order Denying Defense Motion for Stay Pending Appeal, 12/2/2015; Findings of Fact and Order, 12/4/2015.

Appellant filed two notices of appeal. The first, which was filed on November 30, 2015 and docketed at 2111 MDA 2015, was taken from a November 13, 2015 order granting the Commonwealth 30 days to produce a Governor's Warrant, with leave to file for an extension. The second, which was filed on December 2, 2015 and docketed at 2281 MDA 2015, was taken from the December 2, 2015 order. Both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925. After filing his notices of appeal, Appellant was transferred to Colorado. *Anders* Brief at 10.

On July 5, 2016, Appellant's counsel filed with this Court, at both case numbers, an *Anders* brief and a petition to withdraw as counsel. On December 23, 2016, due to deficiencies in counsel's *Anders* briefs and

- 3 -

petitions to withdraw, we denied the petitions and remanded to allow counsel to file either an advocate's brief or a proper *Anders* brief and petition to withdraw. Counsel's second *Anders* briefs and petitions to withdraw, filed on January 31, 2017, are now before us.

Before we may consider the substance of this appeal, we must address counsel's compliance with *Anders*.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the *Anders* procedure:

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petitions to withdraw and ***Anders*** briefs, we conclude that counsel has substantially complied with the above requirements.[2] The record further reflects that counsel has (1) provided Appellant with a copy of both ***Anders*** briefs and petitions to withdraw, (2) sent a letter to Appellant in Colorado, advising him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention, and (3) attached a copy of this letter to the petition to withdraw, as required under ***Commonwealth v. Millisock***, 873 A.2d 748, 751-52 (Pa. Super. 2005). Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

---

[2] Appellant has not responded to counsel's petitions to withdraw.

In her second **Anders** brief, counsel sets forth two issues of arguable merit.

1. Did the trial court err in failing to grant Appellant's petition for writ of *habeas corpus* where Appellant was detained beyond the period allowable under the Uniform Criminal Extradition Act and where he was not discharged prior to his arrest[?]

2. Was Appellant's right to counsel, guaranteed under the Sixth Amendment of the United States Constitution and Article 1, section 9 of the Pennsylvania Constitution violated when Appellant was not afforded counsel at his preliminary arraignment following his rearrest[?]

**Anders** Brief at 2 (unnecessary capitalization omitted).

We review these claims mindful of the following.

It is well established that the courts of the asylum state are limited to an extremely narrow determination in extradition matters. Extradition is a constitutionally mandated process and will be ordered if the subject of the extradition (1) is charged with a crime in the demanding state, (2) is a fugitive from the demanding state, (3) was present in the demanding state at the time of the commission of the crime, and (4) if the requisition papers are in order. The only issue before the [lower] court in an extradition/*habeas corpus* proceeding is whether the demanding state has complied with the four criteria of the Extradition Act.

**Com. ex rel. Berry v. Aytch**, 385 A.2d 354, 356 (Pa. Super. 1978) (citations omitted).

A similar issue was addressed by this Court in **Commonwealth v. Caffrey**, 508 A.2d 322 (Pa. Super. 1986). Caffrey, a fugitive from Delaware, filed a petition for writ of *habeas corpus*, which was denied following an extradition hearing. Caffrey filed a timely appeal; however, at some point prior to his appeal being heard, Caffrey was returned to Delaware. Finding

- 6 -

that this Court was bound by our Supreme Court's decision in *Commonwealth v. Carlos*, 341 A.2d 71, 73 (Pa. 1975), which held that "the demanding state [is] not the appropriate forum to test, by writ of *habeas corpus*, the legality of the extradition," the **Caffrey** Court determined that "the legality of the extradition must be tested in the asylum state prior to extradition, not afterwards." ***Id.*** at 324. The Court then quashed Caffrey's appeal as moot because Caffrey had been transferred to Delaware. ***Id.*** The Court reasoned that to do otherwise would place it in the position of "issuing orders that can have no effect." ***Id.*** Thus, pursuant to **Caffrey**, an appeal challenging the legality of extradition is rendered moot when the accused is removed from Pennsylvania. ***Id.*** Here, because Appellant has been extradited to Colorado, his appeals challenging the legality of the extradition proceedings are moot.

After thorough review of the certified record, we are convinced that Appellant's appeals are wholly frivolous and that there are no non-frivolous issues to be considered. Accordingly, we dismiss both appeals as moot and grant counsel's petitions to withdraw.

J-S72033-16
J-S72034-16

Appeals dismissed. Motions for leave to withdraw granted.

Judge Dubow joins.

P.J. Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017

- 8 -