J-S21044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON STRAITIFF, | : | |
| | : | |
| Appellant | : | No. 1800 WDA 2019 |

Appeal from the Order Entered November 15, 2019
in the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-MD-0000147-2019

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 21, 2020**

Brandon Straitiff ("Straitiff") appeals from the Order denying his Petition for Writ of *Habeas Corpus*, through which Straitiff sought to halt his extradition to the State of Idaho.  Straitiff's counsel has filed a Petition to Withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's Petition to Withdraw, and dismiss Straitiff's appeal as moot.

In its Opinion, the trial court provided the following history underlying the instant appeal:

> [Straitiff] was apprehended regarding a pending [w]arrant for him issued by the State of Idaho.  Idaho requested the return of [Straitiff] to address pending felony charges.  [Straitiff] was held until the obtainment of a Governor's Warrant for his Extradition to Idaho.  [Straitiff] filed a [h]abeas [c]orpus Petition[,] and [a] hearing to address it was held on November 22, 2019.  [Straitiff] asserted that the Commonwealth could not

demonstrate that he was the individual, namely Brandon Straitiff, who was requested by the State of Idaho. [Straitiff] presented no testimony or evidence at the [*h*]abeas hearing. His sole argument was that the Commonwealth failed to present sufficient evidence to demonstrate that he was Brandon Straitiff.

Trial Court Opinion, 12/26/19, at 1 (unnumbered). On November 22, 2019, the trial court denied Straitiff's *habeas corpus* Petition. Straitiff was extradited to the State of Idaho on December 4, 2019. On December 5, 2019, Straitiff timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Before this Court may consider the merits of the issues raised by Straitiff, we must address counsel's Petition to Withdraw from representation. *See Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (stating that, "[w]hen presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). According to *Santiago*, in the *Anders* brief that accompanies counsel's petition to withdraw, counsel must

provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, counsel's Petition to Withdraw states that she has reviewed the record and concluded that the appeal is frivolous. Additionally, counsel

- 2 -

notified Straitiff that she was seeking permission to withdraw, furnished Straitiff with copies of the Petition to Withdraw and **Anders** Brief, and advised Straitiff of his right to retain new counsel, or proceed *pro se*, to raise any points that Straitiff believes are worthy of this Court's attention. **See id.** Accordingly, counsel has satisfied the procedural requirements of **Anders**.

We next determine whether counsel's **Anders** Brief meets the substantive dictates of **Santiago**. Our review of the **Anders** Brief discloses that counsel has provided the facts and procedural history of the case. Additionally, counsel refers to one substantive claim that could arguably support the appeal, and concludes that the issue is wholly frivolous. Because appellate counsel has satisfied the above requirements, we will address the substantive issue raised in the **Anders** Brief. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*); **see Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting that **Anders** requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

The **Anders** Brief presents the following claims for our review:

(1) Whether the trial court erred by allowing additional testimony and exhibits to be entered into the record after the presentation of evidence had already concluded.

a. Specifically, did the trial court commit legal error by questioning Sheriff Daniel Woods after the Commonwealth and [d]efense [counsel] had already presented argument[?]

b. Additionally, did the trial court commit legal error by allowing the Commonwealth to enter the Governor's [W]arrant and accompanying documentation into the record after the Commonwealth and [d]efense [counsel] had already rested and [the d]efense [had] presented argument[?]

(2) Whether the Commonwealth failed to establish that [Straitiff] is the person demanded by the State of Idaho[?]

*Anders* Brief at 4.

Before addressing these claims, we observe that in his Pa.R.A.P. 1925(b) Concise Statement, as well as in the Statement of Questions Involved in the *Anders* Brief, Straitiff concedes that the issues are now moot. Concise Statement, 12/19/19, ¶ 3; *Anders* Brief at 4. Specifically, Straitiff acknowledges that he was extradited to the State of Idaho. *See id.*

In *Commonwealth v. Caffrey*, 508 A.2d 322 (Pa. Super. 1986), this Court addressed a case in a similar procedural posture. In *Caffrey*, the appellant had filed a petition for writ of *habeas corpus* seeking to prevent his extradition to the State of Delaware. *Id.* at 323. The petition was denied in the trial court, and Caffrey appealed that decision. *Id.* However, Caffrey was extradited prior to the issuance of this Court's decision. *Id.* Consequently, this Court quashed the appeal as moot. *Id.* at 324. In a footnote, the Court explained that

> [t]his does not leave all those denied the writ no appellate review. A stay of the extradition could be sought pending appeal. ***See***, [***e.g.***], ***Commonwealth ex rel. Raucci v. Price***, … 185 A.2d 523 (Pa. 1962). Had appellant utilized that procedure, he would, most likely, still be in this state and we would have the ability to rule on the merits of his appeal. However, he did not[,] and we do not.

***Id.*** at 324 n.3.

Here, Straitiff did not request a stay of the extradition proceedings, pending the outcome of his appeal of the denial of *habeas corpus* relief. Because Straitiff has been extradited to Idaho, this Court cannot afford him the requested relief.[1] Consequently, the instant appeal is moot. Further, counsel's assessment of the appeal as frivolous is confirmed, and our independent review of the record reveals no potentially meritorious issues.[2] We therefore grant counsel's Application to Withdraw, and dismiss Straitiff's appeal.

Application to Withdraw granted. Appeal dismissed.

---

[1] We observe that Straitiff does not raise any exception to the mootness doctrine.

[2] Even if we could reach the merits of the claims raised by Straitiff, we would conclude that they lack merit for the reasons stated in the trial court's Opinion. ***See*** Trial Court Opinion, 12/26/19, at 1-3 (unnumbered).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/21/2020