J-S16011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE DUMAS | : | |
| | : | |
| Appellant | : | No. 2070 EDA 2022 |

Appeal from the Order Entered July 21, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0008583-2022

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED NOVEMBER 17, 2023**

Tyree Dumas (Appellant) appeals from the order entered on July 21, 2022, in the Philadelphia Court of Common Pleas, directing he be extradited to Florida as a fugitive from justice[1] after his open Pennsylvania criminal matters are disposed.[2] Appellant argues the trial court erred in: (1) finding

---

[1] 42 Pa.C.S. § 9134 (whenever any person within this Commonwealth is charged by this Commonwealth with having broken the terms of his probation in another state, the court shall issue an arrest warrant for the person). **See also** 42 Pa.C.S. §§ 9121-9148 (Uniform Criminal Extradition Act).

[2] The face of the extradition order stated Appellant was "transferred to another jurisdiction." Trial Disposition & Dismissal Form, 7/21/22. Because an appeal challenging an extradition order may not be taken once the defendant has been extradited, **Commonwealth v. Caffrey**, 508 A.2d 322, 323-24 (Pa. Super. 1986), on September 21, 2022, this Court issued a *per curiam* rule on Appellant to show cause why this appeal should not be dismissed as moot. Appellant filed a counseled response, explaining he had not been extradited,
*(Footnote Continued Next Page)*

his "waiver of extradition," which he previously executed with the Florida court, was valid; and (2) not requiring a Governor's warrant for his extradition. We determine Appellant's claims are waived on various bases and affirm. Furthermore, we *sua sponte* vacate without prejudice the trial court's October 6, 2022, bail order, as it was issued after the instant appeal was taken, when the trial court lacked jurisdiction. **See** Pa.R.A.P. 1701(a).

## I. Waiver of Extradition & Florida Arrest Warrant

We first review the general facts surrounding Appellant's underlying Florida supervision, which are not in dispute. On March 15, 2021, Appellant received a Florida sentence of three years' probation, for credit card fraud offenses. **See** State of Florida Department of Corrections Warrant, 6/16/21, Exh. A to Trial Ct. Op., 11/23/22, at 1 (unpaginated). On the same day, Appellant applied for "a transfer of his supervision of probation from Florida (sending state) to California (receiving state)." Trial Ct. Op. at 3. The written transfer application, which Appellant signed, included an agreement to waive

---

and he remained in custody in Pennsylvania pending the disposition of his outstanding Pennsylvania criminal matters. This Court thus discharged the show-cause order on October 18th.

In preparing this memorandum, this panel issued an order on October 17, 2023, requesting the trial court to, *inter alia*, provide updated information as to whether Appellant has since been extradited. The trial court confirmed Appellant continued to remain in Pennsylvania custody, and thus we conclude this Court has jurisdiction over this appeal. **See Caffrey**, 508 A.2d at 323-24.

any challenge to extradition (Waiver of Extradition), even when detained by another state:

> 4. I agree to return to Florida (sending state) at any time I am directed to by this sending state or the receiving state.
>
> I know that I may have a constitutional right to insist that the sending state extradite me from the receiving state or any other state where I may be found. This is commonly called the right to extradition. But I also understand and acknowledge that I have agreed to return to the sending state when ordered to do so either by the sending or receiving state.
>
> Therefore, **I agree that I will not resist or fight any effort by any state to return me to the sending state** and I AGREE TO WAIVE ANY RIGHT I MAY HAVE TO EXTRADITION. I WAIVE THIS RIGHT FREELY, VOLUNTARILY AND INTELLIGENTLY.

Appellant's Offender's Application for Interstate Compact Transfer (Waiver of Extradition), 3/15/21 (emphasis & paragraph breaks added), Exh. A to Trial Ct. Op.

Within three months, Appellant violated the terms of his probation.[3] It is not apparent from this record whether California ever assumed supervision, but on June 16, 2021, a Florida court issued an arrest warrant "with instructions for Nationwide Extradition." Trial Ct. Op. at 2.

Ten months thereafter, on April 19, 2022, Appellant was arrested in Delaware County, Pennsylvania, both under the Florida arrest warrant and on

---

[3] Appellant violated his probation terms of not leaving the United States without consent of the trial court and not having unsupervised contact with minors. Trial Ct. Op. at 1-2.

new Pennsylvania charges of receiving stolen property and other offenses. At this time, we note, Appellant was also on bail for at least four criminal matters in Philadelphia involving sexual offenses against children.[4] All of those open cases were listed for trial for April 26, 2023. Trial Ct. Op. at 3.

On May 25, 2022, in connection with the Florida warrant, Appellant was charged at the underlying Philadelphia municipal court docket as a fugitive of justice pursuant to 42 Pa.C.S. § 9134. He was appointed an attorney from the Public Defender's Office. The trial court set bail at $350,000, but apparently Appellant did not pay it. *See* Subpoena, 6/6/22, at 1. We note Appellant has consistently argued throughout this matter that although he remains out on bail on the child sexual abuse cases, he cannot pay the bail in this case, and thus he is "languishing" in jail until those cases are disposed of. *See* N.T., 7/21/22, at 9; Appellant's Brief at 5.

## II.  July 14, 2022, Petition for Writ of Habeas Corpus

We review the ensuing procedural history, which is somewhat convoluted, in chronological order. First, on July 14, 2022, while represented

---

[4] While the trial court's opinion stated Appellant was on bail for **six** open criminal cases, it identified only **four** with the following trial docket numbers: (1) CP-51-CR-0008642-2017; (2) CP-51-CR-0008644-2017; (3) CP-51-CR-0009278-2017; and (4) CP-51-CR-0003026-2018. Trial Ct. Op. at 2-3. These charges included involuntary deviate sexual intercourse with a child, indecent assault of a child less than 13 years of age, and possession of child pornography. In these cases, Appellant is represented by privately retained counsel, and not by present counsel in this matter. *See* N.T., 9/29/22, at 4.

by counsel, Appellant filed a *pro se* "Petition for Writ of Habeas Corpus Ad Subjuciendum [sic]."[5] ***See Commonwealth ex rel. Katz v. Superintendent of Phila. Cty. Prison***, 58 A.2d 366, 367 (Pa. Super. 1948) ("The accused may contest the validity of the extradition proceedings on habeas corpus."). Appellant averred that in the absence of a Governor's warrant, a fugitive may only be held in county jail up to 30 days under Section 9136 of the Uniform Criminal Extradition Act,[6] and an additional 60 days upon application to the court under Section 9138.[7] Appellant's Petition for Writ of Habeas Corpus Ad Subjuciendum at 2. Appellant claimed he had been improperly detained beyond these permitted time periods.

We note the caption on this habeas corpus petition did not list Appellant's municipal docket number, but instead included the phrase, "Civil

---

[5] As we discuss ***infra***, this filing violated this Commonwealth's rule against hybrid representation, and we determine it was a legal nullity.

[6] ***See*** 42 Pa.C.S. § 9136 (if a person is charged with a crime and has fled from justice, the judge "must, by a warrant reciting the accusation, commit him to the county jail for such a time, not exceeding 30 days, and specified in the warrant, as will enable [the person's arrest] under a warrant of the Governor on a requisition of the executive authority of the state"). Appellant also cited 19 P.S. § 191.15, the former version of 42 Pa.C.S. § 9136. ***See*** Appellant's Petition for Writ of Habeas Corpus Ad Subjuciendum [sic], 7/14/22, at 3 (unpaginated).

[7] ***See*** 42 Pa.C.S. § 9138 ("If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant . . . , a judge . . . may discharge him[,] or may recommit him for a further period, not to exceed 60 days, or . . . may again take bail for his appearance and surrender . . . but within . . . 60 days after the date of such new bond.").

No. _____," with a blank line. Appellant's Petition for Writ of Habeas Corpus Ad Subjuciendum at 1. The petition was assigned a civil docket number and forwarded to the civil division. *See* Trial Ct. Op. at 5. On July 18, 2022, (four days after filing), the petition, still bearing the civil docket number, was transferred to the criminal division. The petition was not entered on Appellant's instant docket until August 16th — **after** the August 2nd filing of the notice of appeal.

### III. July 21, 2022, Extradition Hearing & Order

Meanwhile, on July 21, 2022, the trial court held an extradition hearing, at which Appellant was represented by counsel. Appellant's counsel had not filed any habeas corpus petition challenging extradition, and no mention of the *pro se* habeas petition was made at this hearing, by the court or either party.[8]

The Commonwealth presented an "authenticated copy" of Appellant's Waiver of Extradition, arguing Appellant has waived his right to challenge extradition. N.T. Motions to Extradite & Revoke Bail, 7/21/22, at 4.

Appellant himself addressed the trial court and claimed that "even with a document" waiving extradition, pursuant to Section 9136 a fugitive from

---

[8] Appellant states his counsel was unaware the petition "was missing from the record of this matter until mid-August when" it was docketed. Appellant's Brief at 22.

justice may not be held longer than 30 days without a Governor's warrant. N.T., 7/21/22, at 6-7.

The trial court responded that in his signed waiver, Appellant agreed to return to Florida "at any time [he] were directed to by the sending state or the receiving state." N.T., 7/21/22, at 8. Appellant did not dispute the validity or terms of the waiver, but argued that because he was unable to pay bail in this case, he would "languish[ ] in jail" until trial for his open Philadelphia matters.[9] *See id.* at 9. The trial court denied it could offer relief in this regard. *Id.* at 10. Accepting the validity of the Waiver of Extradition, the court ordered Appellant to be extradited pending disposition of his open matters, and revoked bail. *Id.*

Notably, Appellant's counsel did not present any argument against extradition, and indeed conceded on the record that the Waiver of Extradition supported extradition:

> Based on the pre-signed waiver . . . presented to the court, the Commonwealth has met its burden in show[ing] that by [Appellant's] waiving that extradition, it's proper for the court to take that in lieu of or in place of the Governor's warrant. It replaces the Governor's warrant.

N.T., 7/21/22, at 10-11. Counsel then talked with Appellant privately, off the record, before advising him on the record:

---

[9] Appellant remained out on bail in the other cases. N.T., 7/21/22, at 7.

> The Commonwealth, having presented a pre-signed waiver, has done what it needed to do. I don't take any pleasure in telling you that.

*Id.* at 11-12. Appellant stated he understood. *Id.* at 12.

Appellant filed a timely, *pro se* notice of appeal on August 2, 2022,[10] and, although the trial court had not ordered one to be filed, a *pro se* Pa.R.A.P. 1925(b) statement of errors complained of on appeal on August 29th.

### IV. September 29, 2022, Habeas Corpus Hearing

Next, on September 29, 2022, the trial court conducted a hearing on Appellant's petition for writ of habeas corpus.[11] Defense counsel acknowledged the appeal from the July 21st extradition order was pending, but averred the habeas corpus petition remained outstanding due to a

---

[10] Although hybrid representation — the filing of a *pro se* document by a represented criminal defendant — is generally not permitted, "[a] *pro se* notice of appeal received from the trial court shall be docketed, even in instances where the *pro se* [appellant] was represented by counsel in the trial court." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (emphasis omitted), *citing* I.O.P. 65.24. In any event, following the notice of appeal, Appellant continued to file several *pro se* motions for transcripts and other relief.

[11] The Honorable Carmella Jacquinto presided over the July 21, 2022, extradition hearing, as well as a brief habeas corpus proceeding on August 30th, at which the court granted a defense request for a continuance. **See** N.T., 8/30/22, at 6. The Honorable John Padova presided over the September 29th habeas corpus hearing, as well as a proceeding on March 20, 2023, concerning Appellant's supposed petition to enforce the extradition order (discussed **infra**).

breakdown in court operations.[12]  N.T., 9/29/22, at 7.  Counsel explained that Appellant's petition sought release on bail or house arrest, where, again, he was currently out on bail on his open child sexual abuse cases, which were not scheduled for trial until April or May of 2023.  *Id.* at 4.  Counsel then argued, for the first time in this matter: (1) Appellant's previously executed Waiver of Extradition was not authenticated; (2) the waiver was also "defective" because it referred only to the sending state of California and receiving state of Florida, while making no mention of Pennsylvania; and (3) because the waiver was invalid, a Governor's warrant was required to detain him beyond the statutory periods of 30 and 60 days.  *Id.* at 5.

The Commonwealth responded that: (1) at the extradition hearing, Appellant did not raise any objection to the Waiver of Extradition; (2) in any event, the waiver specified that Appellant agreed to be extradited "from the sending state or any other state where [he] may be found[;]" and (3) 42 Pa.C.S. § 9146.1 generally permits extradition where the defendant has signed a waiver of extradition.  N.T., 9/29/22, at 9-10.

The trial court deferred a decision and, upon the court's request, Appellant filed a counseled memorandum of law on October 4, 2022.[13]  The

---

[12] As we discuss **infra**, we reject this reasoning, and determine the trial court lacked jurisdiction under Pa.R.A.P. 1701(a) to conduct this hearing.

[13] Appellant also filed a counseled "amended" Rule 1925(b) statement on October 5, 2022, with, he contends, Judge Jaquinto's permission.  **See** *(Footnote Continued Next Page)*

court did not issue any ruling specifically on the habeas corpus petition, but on October 6th, granted relief on Appellant's bail request, by: (1) vacating the prior revocation of bail; (2) reinstating bail at $150,000; and (3) permitting electronic supervision. Order, 10/6/22. *See also* Trial Ct. Op. at 5; Appellant's Brief at 6 (acknowledging court permitted house arrest).

## VI. Statement of Question Involved & Law on Extradition

We now proceed to review Appellant's appeal, which, we reiterate, is taken from the July 21, 2022, extradition order, and not the October 6th bail order. He presents one issue:

> Was not Appellant's pre-signed waiver of extradition legally invalid, and, therefore, did not the [trial] court lack the statutory authority to order Appellant extradited?

Appellant's Brief at 3.

With respect to an appeal from an extradition order, our Supreme Court has explained: "[O]ur scope of review is limited to an inquiry as to whether the court of first instance had jurisdiction of the subject matter and whether the proceedings conducted therein were regular and in conformity with law[.]" *Commonwealth ex rel. Pacewicz v. Turley*, 160 A.2d 685, 686 (Pa. 1960) (citations omitted).

> Under the Uniform Criminal Extradition Act . . . [c]ourts of the asylum state will order extradition if (1) the subject of the

---

Appellant's Brief at 6. However, nothing in the trial docket nor trial court opinion indicates such permission was requested or granted. *See* Trial Ct. Op. at 5.

extradition is charged with a crime in the demanding state; (2) if the subject of the extradition was present in the demanding state at the time of commission of the crime charged; (3) if the subject of extradition is a fugitive from the demanding state; (4) if the requisition papers are in order[.]

*Id.* (citations omitted).

However, Section 9146.1 of the Uniform Criminal Extradition Act, sets forth procedures for pre-signed waivers of extradition:

Notwithstanding any other provision of law, a law enforcement agency in this Commonwealth holding a person who is alleged to have broken the terms of his probation . . . in the demanding state shall immediately deliver that person to the duly authorized agent of the demanding state **without the requirement of a Governor's warrant if all of the following apply**:

(1) The person has signed a prior waiver of extradition as a term of his current probation . . . in the demanding state.

(2) The law enforcement agency holding the person has received an authenticated copy of the prior waiver of extradition signed by the person and photographs or fingerprints or other evidence properly identifying the person as the person who signed the waiver.

(3) All open criminal charges in this Commonwealth have been disposed of through trial and sentencing.

42 Pa.C.S. § 9146.1(1)-(3) (emphasis added).

Appellant avers the trial court erred in finding his Waiver of Extradition was valid and in ordering him to be extradited. He presents numerous arguments in support, which we support *seriatim*.

### VII. Waiver Under Pa.R.A.P. 302(a)

First, Appellant alleges, for the first time in this matter: (1) the Waiver of Extradition was ambiguous; (2) the waiver cannot be enforced because it

was conditioned on a promise that was not fulfilled — namely, that supervision of his probation would be transferred to California; (3) the agreement lacked consideration, where "the consideration promised to [him] had not occurred[;]" (4) and the evidence did "not indicate a knowing and voluntary waiver of rights," where the waiver did not refer to probation violations occurring in Pennsylvania, and thus "[a]ny signor would be confused by the four corners of the document." Appellant's Brief at 16-18.

Appellant, however, does not cite to the place in the record where these claims were preserved, and we have not discovered them. *See* Pa.R.A.P. 2117(c)(1)-(4) (where issue is not reviewable on appeal unless raised or preserved below, appellant's statement of the case shall specify, *inter alia*: the portion of the record where the issue was raised; and the way in which they were passed upon by the trial court), 2119(e) (argument shall refer to page of the statement of the case that sets forth above information). Because Appellant raises these arguments for the first time on appeal, they are waived from our review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

## VIII. Claim that Governor's Warrant was Required & Legal Nullity of *Pro Se* Habeas Corpus Petition

Appellant additionally asserts that, because the Waiver of Extradition was invalid, a Governor's warrant was necessary, but none was presented in this case. *See* Appellant's Brief at 13. The trial court reasons this claim is

waived, as neither Appellant nor his counsel ever raised it before the court. Trial Ct. Op. at 6.

Appellant denies the argument is waived, and maintains he did preserve it "in summary form" in his habeas corpus petition and "attempted to" raise it orally at the July 21, 2022, extradition hearing. Appellant's Brief at 21. In support, Appellant contends he expected the petition "to be on the record" at the extradition hearing. *Id.* However, he reasons, the court clerk's "mistaken[ ]" sending of the petition to the civil division, and the "languish[ing]" of the petition until it was transferred back to the criminal division, was "a clear breakdown of court operations." *Id.* at 5, 21. Appellant asserts that, despite the parties' "apparent[ ] unaware[ness]" of the habeas corpus petition, the petition should "be considered as part of the on the record objections" and should have been considered by the court at the time of the extradition hearing. *Id.* at 22.

The Commonwealth responds Appellant's *pro se* habeas corpus petition should be treated as a legal nullity because it was improperly filed while he was represented by counsel. Commonwealth's Brief at 7. We agree.

We reiterate that under our rule prohibiting hybrid representation, a criminal defendant, who is represented by counsel, may not file documents *pro se*. *See Williams*, 151 A.3d at 623. *But see id.* at 623 (noting exception for *pro se* notices of appeal). This Court has explained:

> [T]his Court will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal

> effect and, therefore, are legal nullities. *See Commonwealth v. Nischan*, . . . 928 A.2d 349, 355 (Pa. Super. 2007) (discussing a *pro se* post-sentence motion filed by a petitioner who had counsel). When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken. . . .

*Williams*, 151 A.3d at 623.

It is not disputed that Appellant was represented by counsel on July 14, 2022, when he filed the *pro se* habeas corpus petition, and furthermore that counsel did not file any habeas petition. While Appellant emphasizes the court clerk "mistakenly sent" the petition to the civil division and the petition "languished undocketed" until mid-August, he ignores: (1) the *pro se* petition should not have filed in the first place; (2) the petition did not list the instant docket number; and (3) the caption indicated the petition should be heard in the civil division. *See* Appellant's Brief at 5. Regardless, whether the court clerk properly sent the petition to counsel or, as occurred here, forwarded it to the civil division for disposition, we conclude the *pro se* filing was a legal nullity. *See* Pa.R.Crim.P. 576; *Williams*, 151 A.3d at 623. Thus, we reject Appellant's contention, not supported by any authority, that the arguments presented in the *pro se* petition should have been considered by the court before it ordered extradition — especially where he does not point to anything in the record showing the court was even aware of its existence.

In any event, Appellant, or his counsel, was free to orally raise any of the arguments included in the *pro se* petition at the extradition hearing one week later. However, as summarized above, defense counsel did not do so,

and indeed, acknowledged on the record that the Waiver of Extradition was sufficient to support extradition and thus a Governor's warrant was not required. N.T., 7/21/22, at 11.

**IX. Lack of Jurisdiction to Conduct September 29, 2022, Hearing**

Finally, we consider Appellant's contention that he did preserve his present arguments because they were raised at the habeas corpus hearing on September 29, 2022. Neither the trial court nor the parties have addressed, however, whether the court had jurisdiction to conduct this hearing, when the notice of appeal was filed eight weeks earlier. Generally, after an appeal is taken, the trial court may no longer proceed further in the matter. Pa.R.A.P. 1701(a). The habeas corpus petition addressed the very same issues raised at the July 21st extradition hearing — extradition and bail. In light of the particular circumstances presented in this matter, we hold that pursuant to Rule 1701(a), the court lacked jurisdiction to conduct the hearing. *See id.* Accordingly, any arguments made at the hearing — which again were raised **after** the notice of appeal was filed — are waived. *See* Pa.R.A.P. 302(a).

Similarly, we conclude the trial court lacked jurisdiction to issue the October 6, 2022, order, which reinstated bail in the new amount of $150,000. *See* Pa.R.A.P. 1701(a); *Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003) (while appeal was still pending, trial court lacked jurisdiction to hold a bail hearing and consider application for bail). We thus vacate the

- 15 -

October 6th order without prejudice for Appellant to seek bail relief following remand of the record upon conclusion of this appeal.

## X. January 3, 2023, Petition to Enforce

Finally, we address an argument raised by the Commonwealth's brief, concerning Appellant's counseled petition to **enforce** the extradition order, which was filed with the trial court on January 3, 2023 — five months after the notice of appeal.[14]  ***See*** Commonwealth's Brief at 6.  The trial court conducted a brief hearing on March 20, 2023, at which it determined it lacked jurisdiction to review the petition, under Pa.R.A.P. 1701(a), because an appeal was already taken.  ***See*** N.T., 3/20/23, at 8.

On appeal, the Commonwealth argues that Appellant should presently be "estopped" from challenging the July 21, 2022, extradition order, where he has previously sought enforcement of it.  Commonwealth's Brief at 6, *quoting* ***Trowbridge v. Scranton Artificial Limb Co.***, 747 A.2d 862, 865 (Pa. 2000)

---

[14] The certified record was transmitted to this Court before the filing of this petition.  Accordingly, this Court's October 17, 2023, order also requested the trial court to provide the transcript and updated trial docket, showing its filing.

Judge Jacquinto responded to the order, providing the requested information.  Judge Jacquinto's letter also explained she no longer sits in the criminal division, and requested this matter be reassigned to Judge Padova, who presided over the September 29, 2022, habeas hearing and March 20, 2023, "petition to enforce" proceeding.  Letter Response from Hon. Carmella Jacquinto, 10/27/23.  Respectfully, we decline to make any such reassignment, as that determination should be made by the trial court's administration.

("The purpose of [the judicial estoppel] doctrine is to uphold the integrity of the courts by 'preventing parties from abusing the judicial process by changing positions as the moment requires.'").

In a reply brief, Appellant denies the doctrine of "collateral estoppel" bars a criminal defendant from taking inconsistent positions. Appellant's Reply Brief at 2-3 . Appellant, however, has confused the doctrines of judicial estoppel — which the Commonwealth discussed — with collateral estoppel. *See In re Adoption of S.A.J.*, 838 A.2d 616, 623 n.4 (Pa. 2003) ("Collateral estoppel is used to protect the finality of judgments and to conserve judicial resources . . . whereas judicial estoppel is concerned solely with protecting the integrity of the courts.").

In any event, we disagree with the premise underlying both parties' arguments — that Appellant's January 3, 2023, petition truly desired all the terms of the extradition order to be upheld and/or executed. If that were so, Appellant could have simply discontinued the instant appeal. Instead, Appellant argued for modification of the order — specifically, the removal of the term that extradition not be carried out until his open child sexual abuse cases are disposed of. *See* Appellant's Petition to Enforce Extradition Order Forthwith, 1/3/23, at 1 (unpaginated). In the petition, Appellant acknowledged the trial court reinstated his bail on October 6th in the lower amount of $150,000, but he explains this "bail is still too high for him," he cannot afford to pay it, and thus he remains incarcerated until disposition of

his open child sexual abuse cases.[15] *Id.* at 2. Appellant thus requested he be **immediately** released from Pennsylvania custody and extradited to Florida, regardless of his open cases.

We determine these arguments are a novel theory against detainment, which were not preserved before the appeal was taken. To that end, we agree with the trial court that it lacked jurisdiction under Pa.R.A.P. 1701(a) to hear the petition. *See* N.T., 3/20/23, at 8.

## XI. Conclusion

In sum, we observe that the issues on appeal are relatively straightforward — Appellant did not preserve any challenge to the validity of the Waiver of Extradition, which was the basis for the trial court's extradition order. To reach this conclusion, however, a close review of complicated

---

[15] On appeal, Appellant maintains: "[T]he reality is that with the [extradition] order in place but not enforced, [he] is trapped in a legal limbo that keeps him incarcerated. . . . [H]e will linger indefinitely in Philadelphia custody notwithstanding being released on bail in his open cases because he is unable to afford bail in his extradition case." Appellant's Brief at 7 n.3. We disagree that Appellant's inability to pay bail equates to being "trapped in a legal limbo." *See id.*

Furthermore, Appellant's petition claimed "there is no provision in the Uniform Criminal Extradition Act . . . that requires the prisoner to be held pending the outcome of open matters." Appellant's Petition to Enforce Extradition Order Forthwith at 3. This argument ignores the plain language of Section 9146.1, which permits extradition, without a Governor's warrant, if: (1) the defendant has signed a prior waiver of extradition; **and** (2) "[a]ll open criminal charges in this Commonwealth have been disposed of through trial and sentencing." *See* 42 Pa.C.S. § 9146.1(1), (3).

procedural history was required. We conclude: the arguments raised for the first time on appeal are waived pursuant to Pa.R.A.P. 302(a); the arguments raised in the *pro se* habeas corpus petition were not preserved, because the filing violated our rule against hybrid representation and thus was a legal nullity; Appellant was free to challenge the Waiver of Extradition at the July 21, 2022, extradition hearing but, saliently, did not; the trial court lacked jurisdiction, under Pa.R.A.P. 1701(a), again, to conduct the September 29th habeas corpus hearing; and thus the arguments raised at the September 29th hearing are not preserved for our review, and in any event, were raised after appeal had been taken.

For the foregoing reasons, we affirm the July 21, 2022, extradition order. We vacate the October 6, 2022, bail order without prejudice for Appellant to seek bail relief following remand of the record.

July 21, 2022, extradition order affirmed. October 6, 2022, bail order vacated without prejudice.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/17/2023</u>