J-A12012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARROLL WILLIAM DOLSHUN | : | |
| | : | |
| Appellant | : | No. 1832 EDA 2023 |

Appeal from the Order Entered May 11, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-MD-0000043-2023

BEFORE:   PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY PANELLA, P.J.E.:                **FILED MAY 17, 2024**

AND NOW, this 17th day of May, 2024, the appeal in the above-captioned matter is quashed. Based on our disposition, the November 29, 2023 "Motion to Dismiss as Moot" and December 9, 2023 "Application to Quash Appeal as Untimely" are dismissed as moot.

Appellant in this matter appealed from the trial court order dated May 4, 2023, which was entered on the docket on May 11, 2023. Appellant filed a notice of appeal on July 12, 2023. Based on our disposition, the November 29, 2023 "Motion to Dismiss as Moot" and the December 9, 2023 "Application to Quash Appeal as Untimely" are DENIED as moot.

_____

[*] Former Justice specially assigned to the Superior Court.

The procedural background of the instant matter is summarized as follows: On April 27th, 2023, an extradition action was commenced against Appellant, which demanded his extradition to the State of New York to face a warrant issued for his arrest. On May 4, 2023, Appellant was brought before the Honorable Gregory H. Chelak of the Court of Common Pleas of Pike County for a waiver of extradition proceeding. *See* Transcript of Extradition Hearing, 5/4/2023. At the hearing, during which Appellant appeared by way of video conference, Appellant waived his rights under the Uniform Criminal Extradition Act both orally and in writing. *See id*. at 2-3. At no time did Appellant object to extradition or to the order that was previously provided to him. Following the hearing, the trial court entered the order which is the subject of this appeal:

> AND NOW, this 4th day of May, 2023 the application of the defendant, is hereby granted, and it is ordered, adjudged and decreed that the defendant is to be remanded to the Pike County Correctional Facility without bail, pending extradition to the State of New York only after local Felony and/or Misdemeanor charges, commitments, and detainers arising from jurisdictions within the Commonwealth of Pennsylvania are completely disposed. Thereafter, the Defendant shall be surrendered to a designee of the Port Jervis City Police Department, City of Port Jervis, Orange County, New York, or his/her authorized representative.

Order, 5/4/23.

On June 12th, 2023, the Court of Common Pleas denied Appellant's Motion for *Habeas Corpus* Relief that had been filed on May 25, 2023. On July 12, 2023, Appellant filed his notice of appeal from the court's May 4, 2023

order. Appellant is no longer in Pike County as he was released to authorities from the State of New York on November 1, 2023.

Therefore, as Appellant's notice of appeal was not filed within 30 days of the order challenged, this appeal is quashed. Additionally, as Appellant is no longer in Pike County or under the jurisdiction of the Commonwealth of Pennsylvania, we cannot review the extradition, as once the asylum state has extradited based on the demanding state's probable cause determination, no further judicial inquiry may be had in the asylum state. *See Commonwealth v. Caffrey*, 508 A.2d 322, 324 (1986) (observing that "the legality of the extradition must be tested in the asylum state prior to extradition, not afterwards.") (citing *Commonwealth v. Carlos*, 341 A.2d 71, 73 (Pa. 1975)). There is no longer any possibility that this Court can provide any form of relief to Appellant and, as such, any opinion issued by this Court would be merely advisory in nature. Moreover, Appellant has failed to prove any applicable exception to the mootness doctrine. We have adopted and enforced the policy stated in *Caffrey* in numerous cases. *See, e.g.*, *Commonwealth v. Straitiff*, 239 A.3d 85, 2020 WL 4192465, at *2 (Pa. Super. filed July 21, 2020) (nonprecedential decision). Accordingly, we quash the instant appeal on the additional ground that it is moot.

Appeal quashed. Case removed from A12/24 argument list. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>5/17/2024</u>