J-S13024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KIRBY STEWART,  A/K/A KEVIN | : | |
| WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1457 MDA 2021 |

Appeal from the PCRA Order Entered October 8, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0004395-1999

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                **FILED: APRIL 28, 2022**

Appellant, Kirby Stewart, a/k/a Kevin Williams, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which dismissed his *pro se* "Petition for Review," which the court treated as a serial untimely petition for collateral relief under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. After being extradited from New York to Pennsylvania, the trial court convicted Appellant of first-degree murder on March 29, 2000, in connection with Appellant's instruction to his associates to kill Victim in retaliation for Victim's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

theft of money and guns from a crack house maintained by Appellant. The court sentenced Appellant on the day of his conviction to life imprisonment. This Court affirmed Appellant's judgment of sentence on March 30, 2001, and our Supreme Court denied allowance of appeal on August 20, 2001. **See Commonwealth v. Stewart**, 777 A.2d 510 (Pa.Super. 2001), *appeal denied*, 566 Pa. 681, 784 A.2d 117 (2001). Since that time, Appellant has unsuccessfully litigated numerous PCRA petitions.

On September 22, 2021, Appellant filed the current *pro se* "Petition for Review," claiming that his extradition from New York to Pennsylvania was illegal. Appellant claimed his prayer for relief should be construed as a petition for writ of *habeas corpus*, and not under the confines of the PCRA. Nevertheless, the court treated Appellant's filing as an untimely serial PCRA petition and denied relief on October 8, 2021.[2] Appellant timely filed a *pro se* notice of appeal on November 2, 2021. On November 10, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on November 22, 2021.

_____

[2] The record is unclear whether the court issued notice of its intent to dismiss Appellant's petition without a hearing, per Pa.R.Crim.P. 907. Appellant has not raised this issue on appeal, so he waived any defect in notice. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013) (explaining appellant's failure to raise on appeal PCRA court's failure to provide Rule 907 notice results in waiver of claim). Moreover, failure to issue Rule 907 notice is not reversible error where the petition is untimely. **Id. See also Commonwealth v. Pursell**, 561 Pa. 214, 749 A.2d 911 (2000) (indicating court's failure to provide notice of intent to dismiss without hearing does not warrant remand, where petition fails in all respects).

Appellant raises the following issues for our review:

[Appellant's] extradition was illegal?

The judge abused his judicial discretion in this case?

(Appellant's Brief at 4).

Preliminarily, we observe that any petition for post-conviction collateral relief will generally be considered a PCRA petition, regardless of the title of the filing, if the petition raises issues for which the relief sought is available under the PCRA. *See generally Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999); *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999); *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The writ of *habeas corpus* continues to exist as a separate remedy only if the claim raised is not cognizable under the PCRA. *Peterkin, supra* at 552, 722 A.2d at 640. *See also Commonwealth v. Beck*, 848 A.2d 987 (Pa.Super. 2004) (explaining petition for writ of *habeas corpus* will be deemed PCRA petition if it raises issues that are generally cognizable under PCRA); *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa.Super. 2001) (stating "any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition"). When considering what types of claims fall within the ambit of the PCRA, "the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated

areas of review." ***Commonwealth v. Hackett***, 598 Pa. 350, 363, 956 A.2d 978, 986 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). "Such narrow construction would be inconsistent with the legislative intent to channel post-conviction claims into the PCRA's framework, and would instead create a bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not." ***Id.*** (internal citation omitted). ***See also*** 42 Pa.C.S.A. § 9543(a)(2) (describing claims eligible for relief under PCRA).

Additionally, the timeliness of a PCRA petition is a jurisdictional requisite. ***Taylor, supra***. A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Instantly, Appellant challenges the propriety of his conviction and sentence based on his alleged illegal extradition from New York to Pennsylvania. Despite his effort to distance his current petition from the PCRA, Appellant's petition poses claims directly related to the PCRA statute;

as presented, he challenges the legality of his conviction and sentence. *See*

*generally Commonwealth v. Fowler*, 930 A.2d 586 (Pa.Super. 2007),

*appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding any collateral

attack on legality of sentence must be raised in PCRA petition). *See also*

*Reed v. Garman*, No. 1029 MDA 2019 (Pa.Super. filed Feb. 10, 2020)

(unpublished memorandum),[3] *appeal denied*, ___ Pa. ___, 237 A.3d 983

(2020) (holding court properly addressed appellant's challenge to legality of

his extradition proceeding under PCRA). Thus, the court properly treated

Appellant's most recent prayer for collateral relief as a PCRA petition. *See*

*Peterkin, supra*; *Deaner, supra*.

Further, although challenges to the legality of a conviction and/or

sentence are subject to review within the PCRA, a petition asserting those

claims must still first satisfy the PCRA's time limits or demonstrate the

application of a statutory timeliness exception. *Fowler, supra* at 592. Here,

our Supreme Court denied allowance of appeal from the judgment of sentence

on August 20, 2001. Appellant did not seek further direct review. Therefore,

his judgment of sentence became final on November 18, 2001, upon

expiration of the time to file a petition for writ of *certiorari* with the United

States Supreme Court. *See* U.S.Sup.Ct.R. 13 (allowing ninety (90) days to

file petition for writ of *certiorari*). Appellant filed the current, *pro se* serial

_____

[3] *See* Pa.R.A.P. 126(b) (explaining we may rely on unpublished decisions from this Court filed after May 1, 2019 for persuasive value).

petition for collateral relief on September 22, 2021, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

In his effort to keep his current petition outside the PCRA, Appellant does not demonstrate on appeal any of the statutory exceptions required to revive an otherwise untimely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Thus, Appellant's petition remains a patently untimely PCRA petition.

Further, Appellant already litigated this claim in a prior collateral relief petition. Specifically, on July 24, 2008, Appellant filed a petition for *habeas corpus* relief claiming his extradition from New York was illegal. The trial court denied relief, and this Court affirmed on September 9, 2009. In doing so, this Court held:

> A claim challenging the legality of his extradition should have been brought in the asylum state, New York, **prior** to his extradition to the demanding state, Pennsylvania. *See Commonwealth v. Carlos*, 462 Pa. 262, 267, 341 A.2d 71, 73 (1975). Simply put, once a defendant is extradited the legality of the extradition is moot. *See Commonwealth v. Caffrey*, 508 A.2d 322, 323-324 (Pa.Super. 1986) (*plurality*) (holding demanding state not appropriate forum in which to test, by writ of *habeas corpus*, the legality of extradition). *See also* 18 STANDARD PENNSYLVANIA PRACTICE 2d § 98:22, Generally; 16 WEST'S PA. PRAC., CRIMINAL PRACTICE § 10.2, Extradition generally.

*Commonwealth v. Stewart*, No. 1696 MDA 2008, unpublished memorandum at 2 (Pa.Super. filed Sept. 9, 2009) (emphasis in original).[4]

---

[4] Additionally, this Court noted that to the extent the claim was cognizable under the PCRA, the petition was untimely with no exceptions pled. *See id.*

- 6 -

Thus, Appellant is also ineligible for PCRA relief because the claim on appeal has been previously litigated. **See** 42 Pa.C.S.A. § 9543(a)(3) (stating petitioner is ineligible for PCRA relief if allegation of error has been previously litigated).

Even if the claim falls outside of the PCRA, Appellant is still not entitled to relief, because this Court has already considered Appellant's challenge to the legality of his extradition and held that the extradition issue is moot. **See Stewart, supra**. **See also Commonwealth v. McCandless**, 880 A.2d 1262, 1267 (Pa.Super. 2005), *appeal dismissed as improvidently granted*, 593 Pa. 657, 933 A.2d 650 (2007) (explaining general rule that under "law of the case" doctrine, court involved in later phases of litigated matter should not reopen questions decided by another judge of same court or by higher court in earlier phases of matter). Based upon the foregoing, we affirm the order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/28/2022

- 7 -